**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David Robert COOK,
Defendant-Appellant.**

**No. 49298.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Lenzie L. Leftridge, Flat River, for defendant-appellant.

Thomas Carter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, David Robert Cook, appeals his conviction by a jury of second degree burglary, § 569.170 RSMo 1978, and seven year sentence. By amended information, defendant was charged with knowingly entering a store located in Potosi, Missouri, for the purpose of committing stealing therein. The case was submitted to the jury under an instruction patterned after MAI–CR 23.52 on the state's theory that defendant knowingly entered a building located in Potosi, Missouri for the purpose of committing the crime of stealing therein. No instruction on assessory liability patterned after MAI–CR 2.12 was offered or submitted. The sole issue on appeal is the sufficiency of the evidence to support the conviction on the state's theory where only circumstantial evidence was offered.

At about 11:00 p.m., on February 16, 1983, Officer Ed Marshall was patrolling the streets of Potosi, Missouri. He observed Tony Huff leaning against a telephone pole located some twenty-five to thirty feet from the Cedar Tavern, which was not open for business that night. While investigating, he observed the defendant running across the front of the building towards the brush. Officer Marshall knew and positively identified defendant. Immediately thereafter the officer observed defendant's cousin, Roger Coleman jump "out of the window of the tavern." The officer apprehended and immediately arrested Roger Coleman. He then radioed for assistance and effected the arrest of Mr. Huff. He notified Chief Roy Logsden that he was looking for another subject and possibly a vehicle which left the scene. They examined the tavern and noticed a broken window. Approximately three or four cases of beer were found outside the building close to the front door. Several of the cans had been punctured and were spewing. There was no evidence of any blood or fingerprints in relation to the broken window.

Chief Logsden drove around the area and a couple of blocks from the tavern he observed defendant and Mark Coleman walking up the street. The Chief testified defendant was wearing a "pair of blue jeans and a white pull-over shirt ... he had some blood stains on him, but he was soaked with what smelled like alcohol of some kind." Defendant's arms and face had scratches on them and were bleeding. Defendant and Mark Coleman were arrested and taken to the police station on the charge of second degree burglary.

Ten cases of beer and ten packages of cigarettes were reported missing from the tavern. However, only the three or four cases of beer which were found outside of

the tavern and two packs of cigarettes were recovered.

Defendant and Mark Coleman testified that they went with Roger Coleman to a party at Old Mines, about six miles from Potosi. They were at the party from about 6:00 p.m. until 9:30 p.m. when they hitchhiked back to Potosi. Upon returning to Potosi they went to B & R Package Liquor Store where they bought some beer and wine. After they left the liquor store, defendant and Mark Coleman cut through some tiff cuts to get home while Roger Coleman walked down the street. The liquor store is on the same street as the Cedar Tavern.

Defendant and Mark Coleman testified that they walked to Mark Coleman's home, sat on the back porch and drank some beer for a while. They noticed some police cars going up the hill to the Cedar Tavern and thinking Roger might be in trouble decided to walk up and have a look. In so doing, Chief Logsden picked them up and placed them under arrest.

We review the evidence in light of the following well established principles of law. The facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976) *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). When the state's case rests upon circumstantial evidence, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with the innocence and exclude every reasonable hypothesis of his innocence. *State v. Jerelds*, 637 S.W.2d 80, 81 (Mo.App. 1982). The circumstances need not be absolutely conclusive of guilt and need not demonstrate the impossibility of innocence. *State v. Lumsden*, 589 S.W.2d 226, 227 (Mo.banc 1979).

A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. § 569.170 RSMo 1978. "In analyzing sufficiency of evidence cases, courts look for recurring indicia of guilt, such as presence at the scene and opportunity to commit the offense, flight, possession of contraband or weapons, close association with a known perpetrator, and active or affirmative participation in the offense." *State v. Aziz*, 647 S.W.2d 586, 588 (Mo.App.1983). Proof of only one factor, except active or affirmative participation, is insufficient evidence on which to base a guilty verdict. *Id.*

Viewing the evidence most favorable to the state and all favorable inferences reasonably drawn therefrom the state proved the following: (1) defendant was seen running from the front of the Cedar Tavern; (2) Roger Coleman, known perpetrator, was seen climbing out of the front window of the Cedar Tavern; (3) the front window of the Cedar Tavern was broken with the majority of the glass being found on the inside of the tavern; (4) beer and cigarettes were missing from the tavern and some of the reported missing beer and cigarettes were found outside the front door of the tavern; (5) Police Chief Roy Logsden found defendant walking with Mark Coleman toward the Cedar Tavern approximately twenty minutes after the incident was reported to Logsden; (6) defendant and Mark Coleman had wetness on the front of their shirts, smelled of beer and were sweating; (7) defendant was bleeding and had a scratch on each arm and on his face and blood drops on his shirt; and (8) defendant was related as a cousin to Roger and Mark Coleman and had spent time with them the evening of the crime.

There is no evidence, circumstantial or otherwise, that defendant ever entered Cedar Tavern. Defendant was never found to have possessed any of the items reported missing from the tavern. The identification of defendant at the scene, the defendant's flight, and association with his cousin, Roger Coleman, who was seen coming out of the tavern window are insufficient to

275

support a conviction of burglary second degree under the facts, the charge and the state's theory. *See Aziz*, 647 S.W.2d at 588. The narrow issue is whether there was circumstantial evidence to support conviction of the crime as charged and as submitted to the jury. The information charged that the defendant entered and the instruction submitted to the jury that the defendant entered Cedar Tavern. But the evidence fails to support a finding of entry.

A verdict based on suspicion, surmise or conjecture, however strong, is insufficient to permit a criminal conviction, and that is all we have here. *See State v. Potter*, 530 S.W.2d 268, 272 (Mo.App.1975). The state failed to adduce substantial evidence on which the jury could have found that defendant entered the tavern.

The judgment of conviction is reversed.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.