**Henry McCOY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56477.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion following an evidentiary hearing. Affirmed.

Movant was convicted of first degree robbery, § 569.020, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. His direct appeal may be found in *State v. McCoy*, 748 S.W.2d 809 (Mo.App.1988).

The relevant facts show the police were alerted by a confidential informant that movant committed the robbery for which he was eventually convicted. Using this information, the police included movant's picture in a photo array. The pictures were shown to the victim of the robbery and to an eyewitness. Both identified movant as the robber. An arrest warrant was issued and movant was arrested.

We initially note movant filed a *pro se* Rule 29.15 motion including four points (only one of which forms the basis for this appeal). After counsel was appointed, an amended motion was filed containing one additional point. The amended motion was not verified as required by Rule 29.15(f). It was signed only by counsel.

 Rule 29.15(f) states: "[a]ny amended motion shall be verified by movant...." In *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989), our Supreme Court said, "Under Rule 29.15(f) movant has a maximum of 60 days from the date counsel is appointed to file an amended motion and that motion must be verified *by movant*." (Emphasis added.) Even though the motion court prudently considered the allegations contained in both the *pro se* and amended motions, only the *pro se* motion was verified and properly before the court. *See State v. Burch*, 778 S.W.2d 731, 743–45[5] (Mo.App.1989). The amended motion should have been dismissed. *Quinn v. State*, 776 S.W.2d 916, 918[2] (Mo.App. 1989). *See Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989). We are restricted to allegations in the *pro se* motion.

Movant asserts his trial lawyer was ineffective for not challenging the reliability of the informant at a pre-trial suppression hearing and for not calling the informant to testify at trial. He relies on *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) for the proposition that under a "totality of the circumstances" test, reliance on the informant's tip did not provide sufficient probable cause to support the issuance of an arrest warrant. In effect, he argues, Gates requires an informant's tip be shown to be reliable or supported by independent police investigation. However, movant's argument misses the point.

Probable cause for an arrest with or without a warrant means "a knowledge of facts and circumstances sufficient for a prudent person to believe the suspect is committing or has committed an offense." *State v. Heitman*, 589 S.W.2d 249, 253[4] (Mo. banc 1979). Probable cause in this case was based on the identification by the victim and witness. The identifications corroborated the informant's tip and, more importantly, independently provided the probable cause necessary to issue the arrest warrant. The reliability of the informant became irrelevant. *See State v. Busby*, 656 S.W.2d 820, 822 (Mo.App.1983). Movant's point is without merit.

 The motion court concluded movant's trial lawyer's decision not to call the informant to testify at trial was a "sound strategy decision." We agree. Movant's trial lawyer testified at the evidentiary hearing and said he did not want the jury to know about a third person who could possibly identify movant as the robber. Movant has failed to show how his lawyer's decision was other than trial strategy. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.