**STATE of Missouri, Respondent,**

v.

**Louis Dale GALVAN, Appellant.**

**Louis Dale GALVAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 55616, 57745.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 23, 1990.

186

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Susan Lynn Hogan, Columbia, for appellant.

SIMON, Judge.

Defendant-appellant, Louis Dale Galvan, appeals from his convictions after a jury trial of four counts of second degree burglary, Section 569.170, RSMo 1986, four counts of stealing, Section 570.030, RSMo 1986, and one count of second degree arson, Section 569.050, RSMo 1986. He was sentenced as a prior offender to a term of five years imprisonment on each burglary count, with the stealing sentences to run concurrently and the arson sentence to run consecutively with the burglary sentences, for a total of twenty-five years. Defendant thereafter filed a Rule 29.15 motion for post-conviction relief, and also appeals

its dismissal without an evidentiary hearing.

Defendant raises four points on appeal. He first contends that the trial court erred in overruling his motions for judgment of acquittal at the close of the state's case and at the close of all the evidence, and in sentencing him under Counts VIII, stealing, and Count IX, arson, because the state's evidence on these counts was insufficient to sustain the jury's finding of guilt beyond a reasonable doubt, in that the state's evidence failed to prove: (1) that a felony theft occurred because there was insufficient proof that a gun was stolen from the Landreth trailer, and (2) that the Hitchcock store fire resulted from the criminal agency of defendant. Second, defendant asserts trial court erred in overruling his objection to Deputy Frank Armstrong's testimony concerning what Gary Dickerson had told him, because such testimony constituted inadmissible hearsay, in that it did not fall into any of the recognized exceptions to the hearsay rule and prejudiced defendant by its admission because the jury was allowed to consider the statement as substantive evidence, and the statement improperly bolstered the testimony of Gary Dickerson and Larry Umfleet. Third, defendant asserts error in submitting Instruction No. 4 to the jury, patterned after MAI–CR3d 302.04, because the instruction violated defendant's rights in that the instruction defined proof beyond a reasonable doubt as proof that leaves jurors "firmly convinced," thereby diminishing the meaning of proof beyond a reasonable doubt. Finally, defendant contends the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing because defendant pleaded factual allegations not refuted by the record in that trial counsel: (1) failed to interview his alibi witnesses within a reasonable time, (2) failed to secure a document showing that the burglary and arson of the Hitchcock store was an "inside job," and (3) failed to adduce evidence of prosecutorial vindictiveness, which prejudiced defendant because he was denied the use of evidence which would have supported his defense of alibi, and was denied

a fair trial when the prosecutor used perjured evidence against defendant. We affirm.

■ The offenses for which defendant was tried occurred on December 5, 7, and 28, 1986, and January 13, 1987. Since defendant contests the sufficiency of the evidence on two of the nine counts, we consider the facts and all favorable inferences from those facts in the light most favorable to the state and reject all contrary evidence and inferences. *State v. Spiller*, 778 S.W.2d 825, 826[1] (Mo.App.1989). The evidence adduced at trial revealed the following.

On the evening of December 5, 1986, defendant and Gary Dickerson (Dickerson) went to the Michael Clubb residence in Flat River, Missouri, which was within a mile and a half of defendant's residence in Esther, Missouri. Dickerson testified that on arrival defendant pried open the back door with a screwdriver, pushed it in, and entered the Clubb's residence. Once inside, defendant and Dickerson stole some jewelry, a gun, a pair of binoculars, and a camera. Neither Clubb nor his wife were at home at the time. They exited the Clubb residence and returned to defendant's residence with the stolen items.

On December 7, 1986, defendant and Dickerson went to the Mason residence in Flat River, Missouri. Upon arrival, defendant broke a basement window and he and Dickerson crawled inside. Once inside, they took a rifle, a shotgun, money, and jewelry. These items were taken from the Mason residence in a pillowcase and taken to defendant's residence and hidden on the property. The Masons were not home at the time of the burglary.

On December 28, 1986, defendant, Dickerson, and Dickerson's sister went to a trailer owned by the Landreth family in Farmington, Missouri. Dickerson's sister had been told the Landreths were away for the holidays. Defendant and Dickerson ran behind the trailer, forced the door open and went inside. They took guns, a stereo, money, and food. The food was carried out

in a bag which broke, scattering food across the backyard.

The final incident occurred on January 13, 1987 at the Hitchcock Discount Store in Esther, Missouri. Dickerson testified that he, his sister, and defendant followed railroad tracks that ran near defendant's residence and passed behind the Hitchcock store. Mary Lang, a neighbor who lived in front of defendant's residence, testified that she saw defendant, Dickerson and Dickerson's sister on the evening of January 13, 1987 walking toward the railroad tracks. Lang testified that as they walked past, defendant said to her, "Turn on your scanner; we're going to have action in town."

Upon their arrival at the Hitchcock store, Dickerson testified that defendant produced a pair of tin snips and cut a hole in the back of the building. Defendant entered the building and started throwing out pants and other merchandise, while Dickerson and his sister were outside gathering it up and bagging it. Defendant stated that "he ought to burn it," and shortly thereafter Dickerson testified he saw smoke coming from the building.

Defendant's first point on appeal asserts the trial court erred in overruling his motion for judgment of acquittal and in sentencing him under Counts VIII and IX due to insufficient evidence. In reviewing this point, we do not weigh the evidence, but only determine whether there is evidence adequate from which reasonable persons could find guilt. *State v. Rousan*, 752 S.W.2d 388, 390[2] (Mo.App.1988).

■ Defendant asserts the evidence was insufficient to sustain a conviction on Count VIII, stealing, because there was insufficient proof that he took a gun from the Landreth residence. We disagree. The sole evidence that defendant stole a gun from the Landreths was Gary Dickerson's testimony. It is well settled that "[a] conviction may stand on the uncorroborated testimony of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence." *State v. Clark*, 701 S.W.2d 546, 548–49[4] (Mo.App.1985). Defendant has

not alleged that Dickerson's testimony was lacking in probative force, but rather that his credibility was questionable. Issues of credibility are to be resolved by the jury, *State v. Murphy*, 753 S.W.2d 90, 92[2] (Mo. App.1988), who may believe all, part, or none of the evidence presented. *State v. Corley*, 628 S.W.2d 380, 382[6] (Mo.App. 1982).

■ Defendant also contends the evidence adduced by the state was insufficient to support his conviction on Count IX, arson. The elements of arson second degree are that a building was on fire, the fire was of an incendiary origin, and the defendant knowingly participated in the commission of the crime. *State v. Sobel*, 672 S.W.2d 377, 378[1] (Mo.App.1984); Section 569.050 RSMo 1986. All of the elements of arson may be proven by circumstantial evidence. *State v. Smith*, 770 S.W.2d 469, 473[6] (Mo.App.1989); *State v. Walsh*, 624 S.W.2d 526, 528[1, 2] (Mo.App.1981). "The circumstances need not be absolutely conclusive of guilt and need not demonstrate the impossibility of innocence." *State v. Cook*, 697 S.W.2d 272, 274[1, 2] (Mo.App.1985).

Gary Dickerson testified that, upon arriving at the Hitchcock Discount Store, defendant produced tin snips and cut a hole in the back of the building. He then entered the store through the hole and tossed merchandise out, which was collected and bagged by Gary Dickerson and his sister. They took the bags filled with merchandise down to railroad tracks which ran behind the store, and hid them. Dickerson testified defendant then said he (defendant) "ought to burn it." Dickerson began walking down the tracks away from the store, and when he got halfway down the tracks he saw smoke coming from the building. Deputy Charles Geissing, an expert on arson investigation, testified the fire at Hitchcock's Discount Store was incendiary in origin.

Defendant does not contend that the store did not burn or that the fire was not incendiary; rather, he asserts the evidence was insufficient to show he played a part in setting the fire. He places particular emphasis on the fact Deputy Geissing could

not rule out the possibility that the fire could have started before the time defendant was placed at the scene. Defendant contends this evidence does not rule out his reasonable hypothesis that the fire started earlier in the evening, smoldering for several hours before erupting into flames.

The mere existence of another possible theory, however, is not enough to remove the case from the jury. *State v. Rodden*, 728 S.W.2d 212, 213[1] (Mo. banc 1987). The evidence in this case showed the fire was incendiary in origin. That fact, along with the lack of testimony concerning smoke, fumes, heat, or flames while defendant and Dickerson were at the store, defendant's statement to Dickerson that he "ought to burn it," and Dickerson's seeing smoke coming from the building a short time later, is sufficient evidence from which reasonable persons could conclude defendant was guilty of arson second degree. *Cf. State v. Dorsey*, 724 S.W.2d 610, 612[2] (Mo.App.1986); *State v. Ziegler*, 719 S.W.2d 951, 954[2] (Mo.App.1986); *Sobel*, 672 S.W.2d at 379–80[4]. Point denied.

■ Defendant's second point on direct appeal alleges the trial court erred in overruling his objection to Deputy Frank Armstrong's testimony as to what Dickerson had told him because the testimony was inadmissible hearsay. He asserts he was prejudiced because the jury could then consider the testimony as substantive evidence, and it improperly bolstered the subsequent testimonies of Dickerson and Larry Umfleet.

The complained of sections of Deputy Armstrong's testimony are as follows:

Q: (By the Prosecutor) And he (Gary Dickerson) confessed to three other burglaries, is that right?

A: Yes.

DEFENSE COUNSEL: Same objection, Your Honor.

Q: During that confession he also gave you information as to where you could find Exhibit Number 14, did he not?

DEFENSE COUNSEL: Your Honor, I'll object to hearsay and the leading form of the question.

THE COURT: I'll sustain as to the leading form.

Q: Did he mention the location of State's Exhibit Number 14?

DEFENSE COUNSEL: Same objection.

THE COURT: I'll overrule that objection.

Q: Did he?

A: Yes, sir; he did.

Q: And what did you do as a result of that conversation with him?

A: I spoke with Sheriff Buckley.

Q: All right. And then did you do anything further than that? What did you tell Sheriff Buckley?

A: I told Sheriff Buckley that Gary Dickerson had represented to me—

DEFENSE COUNSEL: Your Honor, I'll object to hearsay.

PROSECUTOR: I'm not offering it for proof of what Mr. Dickerson said but what he told Sheriff Buckley so we can get into one of our next witnesses, your Honor.

DEFENSE COUNSEL: It's still prejudicial, your Honor. It should be excluded.

PROSECUTOR: It's not hearsay. I don't know what the prejudicial nature of this is. We were not talking about the Defendant.

THE COURT: Overruled.

Q: (By the Prosecutor) And what did you tell Sheriff Buckley?

A: I told Sheriff Buckley what Gary Dickerson related to me, that one of the guns taken out of the Mike Clubb burglary could be found or rather sold, a subject by the name of Butch that lives in Farmington.

Hearsay "... is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein." *State v. Masslon*, 746 S.W.2d 618, 625[9] (Mo.App.1988). In this case, the state did not introduce the evidence to prove the truth of Dickerson's statement, but to "get into one of our next witnesses." The record offers no further clue as to the state's purpose in introducing the testimo-

ny; however, the purpose is irrelevant. The next and last witnesses to testify were Gary Dickerson and Larry Umfleet. Dickerson, the declarant, was available for cross-examination as to his statement to Deputy Armstrong. *See State v. Tyler*, 676 S.W.2d 922, 925[8] (Mo.App.1984). Both Dickerson's and Umfleet's testimonies were consistent with the supposed offending testimony of Deputy Armstrong; thus, the evidence was cumulative and any error in admitting it was harmless. *State v. Ayers*, 724 S.W.2d 556, 560[2] (Mo.App. 1986); *Tyler*, 676 S.W.2d at 925. Defendant's second point is not meritorious.

Defendant's third point on direct appeal alleges the trial court erred in submitting Instruction No. 4 to the jury because its definition of proof beyond a reasonable doubt diminished the meaning of the phrase.

Instruction No. 4, patterned after MAI–CR3d 302.04 (January 1, 1987) reads as follows:

### INSTRUCTION NO. 4

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

■ Defendant asserts the phrase "firmly convinced" dilutes the requirement of proof beyond a reasonable doubt, thereby violating his constitutional rights. The same contention was made in *State v. Guinan*, 732 S.W.2d 174 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 308, 98 L.Ed.2d 266 (1987). There, the trial court gave an instruction patterned after MAI–CR2d 2.20 (October 1, 1984), which is MAI–CR3d 302.04 verbatim. The pattern instruction defines proof beyond a reasonable doubt as "... proof that leaves you *firmly convinced* of the defendant's guilt." *Id.* at 177 (emphasis theirs). In finding that the instruction properly instructed the jury on the standard used to determine guilt or innocence, our Supreme Court noted the instruction also instructed the jury that the defendant is presumed innocent, with the state carrying the burden of proving guilt, and also defined a reasonable doubt as "... 'a doubt based upon reason and common sense after careful and impartial consideration of all of the evidence in the case.'" *Id.* at 177–78. Here, those elements are also present in the instruction. Considering the instruction in its entirety, we find no error. *See also State v. Murray*, 744 S.W.2d 762, 771[13] (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). Point denied.

Defendant's post-conviction relief claim asserts the trial court erred in denying his Rule 29.15 motion without an evidentiary hearing because he pleaded facts not refuted by the record which, if proven, entitle him to relief. He alleges trial counsel was ineffective in failing to: (1) interview his alibi witnesses within a reasonable time; (2) secure a document proving the Hitchcock store fire was an "inside job," and (3) adduce evidence of prosecutorial vindictiveness.

■ Our review of this point is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous, *State v. Williams*, 784 S.W.2d 309, 314 (Mo.App.1990), which occurs only when a review of the entire record leaves the appellate court with a

firm conclusion that a mistake has been made. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988). To prevail on this claim defendant must show trial counsel failed to provide reasonably competent assistance and that ineffective assistance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674, 693[10] (1984). Defendant must also overcome the strong presumption that counsel's acts fell within the wide range of reasonable trial strategy. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066[12], 80 L.Ed.2d at 695[16].

We note at the outset that defendant's first amended motion is unverified. "Any amended motion shall be verified by movant ...[.]" Rule 29.15(f); *See also Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989); *cert. denied sub nom. Walker v. Missouri*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Although the motion court considered the issues asserted in both motions, only the *pro se* motion was properly before it and the amended motion should have been dismissed. *McCoy v. State*, 784 S.W.2d 854, 855 (Mo.App.1990). We shall confine our review to the allegations of defendant's *pro se* motion. *Id.*

Defendant is entitled to an evidentiary hearing on a Rule 29.15 motion only if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters unrefuted by the record; and (3) defendant was prejudiced by the matter complained of. *State v. Fraction*, 782 S.W.2d 764, 769 (Mo.App. 1989). Reading defendant's *pro se* motion broadly, it can be argued that at most three of the allegations there appear in his brief.

The first two assertions are that he was denied effective assistance of counsel because trial counsel did not demonstrate the customary skill and diligence of a reasonable competent attorney, and he was denied his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. These are only bare conclusions unsupported by facts, and thus the motion court did not err in refusing to grant defendant's request for an evidentiary hearing on these grounds.

Defendant also alleges the "[t]rial court failed to allow the defendant his rights to present full testimony of all alibi witnesses at defense towards certain abligations [sic]." If defendant is complaining of trial *court* error, a Rule 29.15 motion is not the forum to address that concern. *Mallett v. State*, 769 S.W.2d 77, 83[8] (Mo. banc 1989); *cert. denied*, — U.S. —, 110 S.Ct. 1308, 108 L.Ed. 484 (1990). If he is referring to claimed errors of trial counsel, his allegation fails to meet the test required to be entitled to an evidentiary hearing. His statement in his *pro se* motion is conclusory and fails to identify who these witnesses were, what their testimonies would have been, whether or not counsel was informed of their existence, or whether or not they were available to testify. *See Fraction*, 782 S.W.2d at 770; *State v. Ward*, 782 S.W.2d 725, 732[8] (Mo. App.1989). The only thing the amended motion adds to this allegation are the names of three potential alibi witnesses. Furthermore, the choice of who to call as witnesses falls within the realm of trial strategy, *Fraction*, 782 S.W.2d at 770, and defendant has failed to overcome the strong presumption the strategy was reasonable. Point denied.

The judgment is affirmed.

CRANDALL, C.J., and REINHARD, J., concur.