STATE of Missouri, Respondent,

v.

Larry BOLDS, Appellant.

Larry BOLDS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 49099, WD 50794.

Missouri Court of Appeals,
Western District.

Jan. 16, 1996.

Jarrett Aiken Johnson, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Kocot, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Larry Bolds appeals his conviction of arson in the second degree, section 569.050 RSMo 1994, after a jury trial and his sentence of four years incarceration. He claims the trial court erred in overruling his motion for judgment of acquittal, asserting that the evidence was insufficient to prove his guilt beyond a reasonable doubt. He also claims the trial court erred in sustaining the states' motion in limine to exclude the testimony of Mr. Osborne regarding statements he had heard another person make. Mr. Bolds claims the statements constituted an exception to the hearsay rule. Mr. Bolds also appeals the denial of his 29.15 motion without evidentiary hearing. The appeals are consolidated. Rule 29.15(*l*).

The judgment of conviction is affirmed, and the judgment denying Mr. Bolds' Rule 29.15 postconviction motion is affirmed.

On July 10, 1992, the Independence Fire Department received an alarm at approximately 10:30 p.m. that a residence located at 709 South Glenwood in Independence was burning. Detective Brad Slaybaugh of the Independence Police Department observed Mr. Bolds' house ablaze and called the fire department.

When the fire department arrived, the entire residence was engulfed in flames. A fire of this magnitude and volume is unusual, and Chief Welchert requested that a fire investigator be sent to the scene. Detective Kelly Scott responded to the call. Mr. Bolds told Detective Scott at the scene of the fire that he had arrived home between 9:45 and 10:00, went inside the structure to call his girlfriend and then went back outside to repair his truck. Mr. Bolds said that from a window he noticed a small fire in his living room. He said he then ran next door to the home of Ms. Nadine Howery and pounded on the door, but no one opened the door. He then claimed to have driven to a nearby gas station where he instructed the attendant to call the fire department. Detective Scott noticed during his conversation with Mr. Bolds that Mr. Bolds smelled of raw diesel fuel, an odor which he testified is distinctively different from the diesel emissions of the fire trucks then present.

Ms. Nadine Howery testified that the evening of July 10, 1992, she looked out her front door and saw Mr. Bolds' home engulfed in flames and Mr. Bolds leaving the driveway in his truck. She did not hear anyone knock at her door that evening.

Detective Scott's investigation revealed heavy burn patterns within what had been Mr. Bolds' house consistent with a flammable liquid pour pattern. He could find no accidental or natural origin of the fire. Detective Scott concluded that the fire was of an incendiary origin, caused by unknown persons pouring an unknown flammable or combustible liquid, believed to be diesel fuel, throughout the first and second floors of the

structure and ignited with an unknown hand-held ignition source.

Mr. Steven Wilson, fire investigator for INS Investigations, Inc. (INS), also investigated the fire scene. Apparently INS conducts investigations in behalf of insurance companies of suspicious incidents resulting in loss and insurance claims. Mr. Wilson concluded that the fire was not caused by natural or accidental events. He concluded that the fire was intentionally set with the aid of accelerants.

The house was originally insured by Mr. Bolds on February 12, 1992, with policy coverage of $15,000 on the home and $7,500 on the contents. On March 24, 1992, Mr. Bolds increased coverage to $35,000 and $17,500 respectively. The policy lapsed due to non-payment of premium in April of 1992. Only three days prior to the fire, Mr. Bolds reinstated the policy effective immediately. Brian Atkinson, a claims representative with Missouri Farm Bureau Insurance, investigated Mr. Bolds' claim for loss on the house. He testified that Mr. Bolds stated David Miller had threatened *to burn down the* Bolds residence.

The jury found Mr. Bolds guilty of arson in the second degree. The trial court then sentenced Mr. Bolds as a prior offender to four years imprisonment. Mr. Bolds filed a timely appeal from his conviction and a timely pro se motion for postconviction relief. The motion was denied without an evidentiary hearing, which he also appeals. The appeals are consolidated.

## I. Rule 29.15 Postconviction Motion

Mr. Bolds claims that the motion court erred in denying his motion for post-conviction relief under Rule 29.15 without an evidentiary hearing. He claims that his trial counsel was ineffective in that he refused to allow Mr. Bolds to testify at trial, and he failed to call witnesses whose testimony would have established that someone else committed the crime.

■ Review of a motion court's denial of postconviction relief is limited to determining whether the findings of fact and conclusions of law were clearly erroneous. Rule 29.15(j);

*State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994). Findings and conclusions are clearly erroneous only if after review of the entire record this court is left with a definite and firm impression that a mistake has been made. *Dehn v. State,* 895 S.W.2d 55, 58 (Mo.App.1995).

■ To prevail on a claim of ineffective assistance of counsel, movant must satisfy a two prong test. First, the movant must show that counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and second, that this deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice exists only when trial counsel's error is outcome determinative *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). Movant must overcome the presumption that counsel is competent and has the burden of proving counsel's ineffectiveness by a preponderance of the evidence. *State v. Williamson,* 877 S.W.2d 258, 262 (Mo.App.1994).

### A. Trial Counsel's failure
### to allow Mr. Bolds to testify.

■ Mr. Bolds asserts that his trial counsel coerced him into not testifying because his counsel advised him that his testifying would not be in his best interest. Mr. Bolds' counsel's advice included informing him that by testifying, the jury would be informed of his prior felony convictions. Trial counsel testified at the sentencing hearing that he had recommended the defendant not testify, but that he informed him that the decision was his and that he could testify if he so desired.

A defendant has no constitutional entitlement to a postconviction relief evidentiary hearing to determine whether his right to testify was infringed upon by his counsel when he merely asserts that counsel prevented him from testifying. *State v. Starks,* 856 S.W.2d 334, 337 (Mo. banc 1993). At a minimum, he must provide specific facts to sup-

port his assertion. *Id.* A motion court should not hold an evidentiary hearing if the record conclusively shows that the movant is not entitled to relief. *Kelley v. State,* 866 S.W.2d 879, 880 (Mo.App.1993).

■ Trial counsel's advising a defendant whether he should testify is a routine performance of defense counsel's role. Defense counsel's advice is a matter of trial strategy and barring exceptional circumstances is not grounds for post-conviction relief. *State v. Silas,* 885 S.W.2d 716, 722 (Mo.App.1994); *State v. Kennedy,* 842 S.W.2d 937, 945 (Mo. App.1992). Mr. Bolds presents no evidence of exceptional circumstances, and, therefore, denial of relief due to counsel's advice not to testify was not error.

### B. Failure to call witnesses

■ Next Mr. Bolds claims the motion court erred in denying his Rule 29.15 motion without evidentiary hearing because his trial counsel was ineffective in not presenting eight defense witnesses whom he had requested counsel call. The movant is entitled to an evidentiary hearing only if he 1) alleges facts which if true warrant relief; 2) allegation is not refuted in the record; 3) and matters complained of resulted in prejudice to him. *Kelley,* 866 S.W.2d at 880.

■ As stated above, ineffective assistance of counsel claims relating to trial strategy do not provide a basis for post conviction relief. *Williamson,* 877 S.W.2d at 262. Even counsel's failure to interview a witness is rarely sufficient to support a claim of ineffective assistance of counsel. *Yoakum v. State,* 849 S.W.2d 685, 688 (Mo.App.1993). To establish that counsel was ineffective for failing to call witnesses at trial defendant must prove that his attorney's failure to call a witness was something other than reasonable trial strategy, that the witness could have been located through reasonable investigation, that the witness would have testified if called, and that the testimony would have provided a viable defense to the accused. *State v. Borders,* 844 S.W.2d 49, 54 (Mo.App. 1992), *cert. denied* —— U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 698 (1993).

At the sentencing hearing, trial counsel stated to the court that he was unable to locate some witnesses the defendant requested that he call. He said he did not know the names of other persons the defendant requested be called when he was preparing for trial. Therefore, the court evidently believed defense counsel, and Mr. Bolds did not prove that the persons he wanted called as witnesses could have been located or that the other relevant factors required to establish a case for ineffective assistance of counsel existed.

Ronnie Bolds was one of the proposed witnesses. Trial counsel determined that Ronnie Bolds should not be called to testify. Counsel's decision not to call a witness is presumed to be a matter of trial strategy, unless clearly established otherwise. *State v. King,* 865 S.W.2d 845, 848 (Mo.App.1993); *See also State v. Jones,* 863 S.W.2d 353, 360 (Mo.App.1993). Mr. Bolds has failed to clearly establish that the witnesses were not called for reasons other than trial strategy.

Point I is denied.

### II. Insufficiency of the Evidence.

■ Mr. Bolds claims in his second point on appeal that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence. He claims the evidence was insufficient to prove his guilt beyond a reasonable doubt because no witnesses positively identified him as the individual who set the fire, and the state failed to prove that the fire was deliberately set. When reviewing for sufficiency of the evidence, this Court will not weigh the evidence but accepts as true all evidence tending to prove guilt. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). The State is given the benefit of all reasonable inferences, and any contrary inferences are disregarded. *State v. Sexton,* 890 S.W.2d 389, 391 (Mo.App. 1995).

■ To make a submissible case of arson in the second degree, the state must prove that 1) a building was on fire, 2) the fire was of an incendiary origin, and 3) the defendant participated in commission of the crime. *State v. Craven,* 657 S.W.2d 357, 358

(Mo.App.1983). Mr. Bolds disputes the last two elements. All elements of arson may be proven by circumstantial evidence. *State v. Galvan*, 798 S.W.2d 185, 188 (Mo.App.1990). Circumstances need not be absolutely conclusive of guilt and need not demonstrate impossibility of innocence. *State v. Cook*, 697 S.W.2d 272, 274 (Mo.App.1985).

■ Sufficient evidence was presented to establish that the fire was of incendiary origin. Detective Scott testified that his investigation revealed heavy burn patterns on the floors consistent with a flammable liquid pour pattern. He could find no accidental cause for the fire at Mr. Bolds' home and concluded that the fire was incendiary in origin. Mr. Wilson also concluded that no natural or accidental causes for the fire were manifested and opined that the fire was intentionally set by someone who distributed an accelerant on the floor of the house and then ignited it.

■ Mr. Bolds also contends that insufficient evidence was presented to prove that he started the fire, the third element of the State's case. Absence of testimony placing the defendant at the fire does not mean that the State did not make a submissible case since arson is a crime ordinarily not committed in view of witnesses. *State v. Smith*, 770 S.W.2d 469, 473 (Mo.App.1989). The guilt of the accused in an arson case may be established by circumstantial evidence. *State v. Walters*, 735 S.W.2d 737, 740 (Mo.App.1987). While opportunity alone is insufficient to support conviction, evidence of opportunity and motive aids in determining guilt. *Id.; State v. Hendrickson*, 814 S.W.2d 609, 613 (Mo.App.1991).

■ The neighbor testified that she saw the house engulfed in flames and saw a man whom she believed to be Mr. Bolds driving from the scene in his truck. Mr. Bolds admits being at the house immediately prior to the fire. Evidence indicating a motive to commit arson was also presented. Mr. Bolds reinstated a fire insurance policy on the house only three days before the fire. Where a fire is deliberately set, evidence that the defendant had the means, opportunity and motive for setting the fire will sustain a finding of defendant's agency. *State v. Picone*, 760 S.W.2d 471, 474 (Mo.App.1988).

Sufficient evidence was presented to support a reasonable jury's finding of guilt. Point II is denied.

### III. Hearsay

■ For his final point on appeal, Mr. Bolds claims the trial court erred in sustaining the State's motion in limine to exclude testimony of Mr. William Osborne. Mr. Osborne would have testified that he heard an individual threaten to "burn out" Mr. Bolds, and appellant argues that the statement was made against penal interest by an unavailable declarant, constitutes an exception to the hearsay rule, and was, therefore, admissible.

■ At trial Mr. Bolds relied on the contention that, if the statement was hearsay, it was admissible either as a spontaneous declaration or verbal act. Assignments of error cannot be broadened or changed by raising additional contentions for the first time on appeal. *State v. Shannon*, 795 S.W.2d 426, 428 (Mo.App.1990). The argument presented on appeal was not raised at trial, and, therefore, the argument is not properly preserved for appellate review. *Id.; State v. Danback*, 886 S.W.2d 204, 208 (Mo.App.1994). Mr. Bolds' point is reviewed only for plain error. Plain error relief is granted only where there is a strong and clear showing that manifest injustice or a miscarriage of justice will result if not granted. *State v. McGee*, 848 S.W.2d 512, 513 (Mo.App.1993). Plain error is one that is evident, obvious and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992).

■ Declarations against interest are made by persons not a party or in privity with a party to the suit and are secondary evidence. *Nettie's Flower Garden v. S.I.S., Inc.*, 869 S.W.2d 226, 230 (Mo.App.1993). As a general rule, a declaration against penal interest by a third party is not admissible in Missouri's courts as an exception to the hearsay rule in criminal proceedings. *State v. Jennings*, 815 S.W.2d 434, 448 (Mo.App. 1991). However, the statement is admissible as a due process right if the declarant is

shown to be unavailable as a witness, considerable assurances of the statement's reliability are evident, and the statement, if true, would exonerate the defendant. *State v. Danback,* 886 S.W.2d 204, 208 (Mo.App. 1994); *State v. Blackman,* 875 S.W.2d 122, 141 (Mo.App.1994).

Reliability and trustworthiness are not demonstrated merely by the fact that the statement is against penal interest. *State v. Starks,* 820 S.W.2d 527, 531 (Mo.App.1991). The statement must be buttressed by collateral and substantial proof of reliability. *Id.* Indications of reliability are that 1) the confession was "in a very real sense self incriminatory and unquestionably against interest," 2) the statement was spontaneously made to a close acquaintance shortly after the criminal act, and 3) the statement is corroborated by other evidence. *Blackman,* 875 S.W.2d at 141.

Mr. Bolds fails to establish the elements required to make Mr. Osborne's testimony relating what he heard another person say admissible. First, the declarant, Mr. David Miller, was not shown to be unavailable as a witness. Mr. Bolds claims that the declarant was not available because the witness, Mr. Osborne, who was available to testify, did not know the identity of the declarant. However, Mr. Bolds knew the identity of the declarant and made no effort to produce him. Mr. Bolds has failed to show the declarant was unavailable, a prerequisite to admitting the hearsay testimony as an exception to the hearsay rule. *State v. Jennings,* 815 S.W.2d 434, 448 (Mo.App.1991).

Missouri courts narrowly construe admissions of third party declarants to those statements by the declarant which constitute acknowledgment of his part in the wrongful act, which if true would also exonerate the defendant. *Starks,* 820 S.W.2d at 531. That the statement would bolster Mr. Bolds' claim that Mr. Miller was the one who set the fire, although favorable for the defense, is not a factor in the analysis. *See United States v. Pena,* 527 F.2d 1356 (5th Cir.1976), *cert. denied* 426 U.S. 949, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976). The statement was not clearly self-incriminating since the statement was not an admission that the declarant committed the arson. The statement, even if true, would not necessarily exonerate Mr. Bolds. Additionally, no assurances of the statement's reliability were presented. The trial court did not error in excluding Mr. Osborne's statement.

Point III is denied.

The judgment of conviction is affirmed, and the judgment denying Mr. Bolds' Rule 29.15 postconviction motion is affirmed.

All concur.