Calvin R. KELLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 63646.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 12, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On February 27, 1992, Defendant was charged as a prior offender and Class X offender with first degree burglary, armed criminal action, and stealing under $150. Pursuant to his plea agreement, Defendant pleaded guilty to the charge and the State dismissed charges of prior offender and Class X offender. One week later, the trial court sentenced Defendant to concurrent sentences of ten years for first degree burglary, three years for armed criminal action, and one year for stealing under $150. Defendant filed a timely Rule 24.035 motion, which the motion court denied without an evidentiary hearing. We affirm.

In his sole point on appeal, Defendant argues his guilty plea was rendered involuntary because of his attorney's lack of effective assistance. Specifically, Defendant avers his attorney coerced him to plead guilty because she threatened to withdraw unless he pled guilty, she told him to prepare for trial on a day's notice, and she refused to investigate his alibi witness.

■ This court reviews the motion court's action only to determine if its findings of facts and conclusions of law are clearly erroneous. Rule 24.035(j). The motion court shall not hold an evidentiary hearing if the record conclusively shows Defendant is not entitled to relief. Rule 24.035(g). Further, Defendant is entitled to an evidentiary hearing only if he alleges facts which would warrant relief; the allegations are not refuted by the record; and the matters complained of resulted in prejudice to him. *Chatman v. State*, 766 S.W.2d 724, 725[1] (Mo.App.1989).

■ The motion court did not clearly err in finding Defendant's claim was refuted by the record. Defendant testified at his guilty plea hearing he had enough time to consult with his attorney regarding the facts and legal strategy of his case. He further testified she had never refused to do anything he wanted, she had answered all his questions, he had no complaints or criticisms of her services, and he was satisfied with her services. He stated no one, such as his attorney, needed to do any further investigation into his case, including looking for witnesses or evidence. He also stated no one had threatened, intimidated, mistreated, or in any way forced him to plead guilty against his will. "Where a movant assures the trial court at his guilty plea hearing that he is satisfied with his trial counsel's performance, the movant cannot later claim the contrary." *Fox v. State*, 819 S.W.2d 64, 67[7] (Mo.App.1991).

However, Defendant argues the record does not refute his claim because he did make statements of dissatisfaction at his later sentencing hearing. At that hearing, Defendant stated he felt like he did not have enough time to talk with his attorney. However, upon further inquiry by the trial court, Defendant indicated he did not believe this failing had affected his decision to plead guilty:

[Court]: ... Do you feel that this was still in your best interest to do what you did? You feel comfortable she was relying on her—that she was helping you decide on best the strategy for your case even though you may not have talked to her as much as you would have liked?

[Defendant]: I suppose so, Your Honor.

[Court]: The result of all this was a plea bargain. You knew what the State was recommending in exchange for your plea of guilty?

[Defendant]: Yes, sir.

[Court]: Is the sentence of ten years that I just imposed on you what you understood the plea bargain was for?

[Defendant]: Yes, sir.

[Court]: Other than that plea bargain, did Miss Taylor or anybody else for that matter ever communicate any threats or promises to you in order to force you to enter your plea of guilty?

[Defendant]: If I take a trial, I would have received more. She had told me that.

[Court]: You knew that was really up to the jury?

[Defendant]: Yes. Her opinion was that I wasn't going to win.

[Court]: But—

[Defendant]: So I pled guilty.

[Court]: But you know if an attorney thinks you might lose, even though she's going to try her best for you, she still has to be honest with you and tell you what your odds are.

[Defendant]: Yes, sir.

[Court]: Did she ever communicate any threats or promises to you or force you to enter your plea of guilty?

[Defendant]: No, she didn't force me.

Defendant clearly stated his dissatisfaction with his attorney did not coerce him into pleading guilty. Defendant has waived all claims of ineffective assistance of counsel except to the extent they affect the voluntariness of his plea. *Watt v. State*, 835 S.W.2d 404, 406[2] (Mo.App.1992). Defendant's claim his attorney's actions coerced him into pleading guilty is refuted by the record.

 In addition, sound advice by counsel does not amount to coercion. *See, Davis v. State*, 754 S.W.2d 593, 594[3] (Mo.App. 1988). Here, counsel's advice to Defendant to plead guilty was sound. Defendant received concurrent terms of ten years for first degree burglary, three years for armed criminal action, and one year for stealing under $150. In return for his plea of guilty, the State chose not to prosecute Defendant as a prior offender or Class X offender. If Defendant had proceeded to trial, he could have received thirty years for first degree burglary. *See,* § 569.160.2, RSMo 1986 (first degree burglary is a class B felony); § 558.-016.7, RSMo Supp.1992 (possible sentence for persistent offender committing class B felony is thirty years). Further, he could have received life imprisonment for armed criminal action. *See,* § 571.015, RSMo 1986. The trial court may have further found Defendant to be a Class X offender, requiring Defendant serve eighty percent of his sentence before parole. *See,* § 558.019, RSMo Supp.1992.

Finally, Defendant avers in his reply brief we may not rely on his statements at the guilty plea and sentencing hearings to deny his claim of ineffective assistance of counsel. Defendant cites *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), to support his contention a lay person is unable to recognize counsel's errors and evaluate his or her professional performance until consulting with another attorney after the fact. *Id.* at 378, 106 S.Ct. at 2584. While it may be true Defendant may not recognize whether his counsel's actions rise to the level of ineffective assistance of counsel, Defendant did have ample opportunity to aver his dissatisfaction. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.