Anthony COBBS, Appellant,

v.

STATE of Missouri, Respondent.

No. 64835.

Missouri Court of Appeals,
Eastern District,
Division One.

July 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1994.

Application to Transfer Denied
Sept. 20, 1994.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

PER CURIAM.

Movant, Anthony Cobbs, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant had previously pleaded guilty to charges of second degree felony murder, attempted robbery, and two counts of armed criminal action. Movant contends his counsel was ineffective because his counsel failed to adequately advise him of the nature of the case, the state's evidence, and the movant's defenses.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Kelley v. State,* 866 S.W.2d 879, 880 (Mo.App.E.D.1993). Movant is entitled to an evidentiary hearing only if: 1) he alleges facts which would warrant relief; 2) the allegations are not refuted by the record; and 3) the matters complained of resulted in prejudice to him. *Kelley,* 866 S.W.2d at 880; *Brewer v. State,* 823 S.W.2d 12 (Mo.App.1991).

■ Movant was asked extensive questions by the trial judge relating to his understanding of his rights, his satisfaction with his counsel, and movant's criminal culpability. In each case, movant answered that he was satisfied with the representation he received and understood the consequences of his guilty pleas. Movant also testified that he did not enter his pleas of guilty because of any threats or promises.

Movant argues that the record supports his claim because he expressed confusion during the guilty plea proceeding about the term "armed criminal action". After a brief conference with his counsel, however, movant testified that he understood the meaning of armed criminal action and also understood the other charges pending against him.

The motion court did not clearly err in finding movant's claim was refuted by the record. Movant's point is denied.

The judgment is affirmed.