STATE of Missouri, Respondent,

v.

John D. SEXTON, Appellant.

No. WD 49298.

Missouri Court of Appeals,
Western District.

Jan. 10, 1995.

J.D. Williamson, Jr., Independence, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., HANNA and LAURA DENVIR STITH, JJ.

STITH, Judge.

This case involves the admission of testimony of uncharged sexual misconduct in the 1994 trial of John D. Sexton on one count of rape and five counts of sodomy. Mr. Sexton was found guilty by the jury and sentenced to consecutive prison terms totalling forty years. The State admits that the admission of evidence of prior sexual misconduct to show the defendant's propensity to commit the crime constituted error under *State v. Bernard*, 849 S.W.2d 10, 16–17 (Mo. banc 1993). The State argues that remand for a new trial on all issues is unnecessary, however, because the same evidence will be admissible in any new trial. Thus, remand would be pointless. We disagree, and remand for a new trial on all issues.

Mr. Sexton's convictions arose from incidents occurring in 1990 and 1991, and involving his stepdaughter, Rachel. Rachel, who was under age fourteen at the time of the incidents, accused her step-father of sexually abusing her from the time she was age nine or ten until shortly before her fourteenth birthday. The alleged abuse ranged from fondling to sodomy and rape.[1]

To bolster its case, the State offered the testimony of Mr. Sexton's two other stepdaughters from an earlier marriage as to uncharged sexual misconduct which they alleged he committed with them during the earlier marriage.[2]

Case law regarding the admissibility of evidence of a defendant's prior sexual misconduct in a prosecution for a sexual offense was changed significantly by the Missouri Supreme Court's decision in *Bernard*, 849 S.W.2d at 16–17, a short time before the trial of this case. As is set out in detail in *Bernard*, evidence of other, uncharged misconduct has historically been inadmissible in Missouri unless admissible to establish motive, intent, absence of mistake, common scheme or plan or identity. *Id.* at 13–14.

*State v. Lachterman*, 812 S.W.2d 759, 768 (Mo.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992), recognized that, over time, Missouri courts had interpreted the exceptions for motive, identity, and common scheme or plan more broadly than was warranted. They appeared to have done so in order to justify admission of evidence which, in reality, had the effect of showing that defendant had a propensity to engage in sexual misconduct and so probably acted in accordance with that propensity with the current victim.

While *Lachterman* disapproved of these prior cases' misuse of the recognized exceptions, it articulated a new exception which it called the "depraved sexual instinct" exception. Under that exception, evidence of the defendant's repeated acts of sexual abuse of children of the same sex as the victim near in time to the acts charged was admissible to demonstrate a propensity for sexual aberration and a depraved sexual instinct. 812 S.W.2d at 768–69.

■ The propriety of *Lachterman*'s "depraved sexual instinct" exception was unanimously rejected by the Missouri Supreme Court in *Bernard*, 849 S.W.2d at 16–17. *Bernard* did recognize a very narrow situation in which such evidence could be admitted, however: when the evidence is true "signature *modus operandi*/corroboration" evidence. In order to fall within the "signature" exception, "[e]vidence of prior sexual misconduct

---

1. Rachel testified that the abuse began when Mr. Sexton kissed her, touched her breasts, touched her vaginal area with his hands and later his penis, eventually penetrating her vagina, and repeatedly forced her to perform sodomy on him and performed sodomy on her.

2. Mr. Sexton had been convicted of sexual misconduct as to the stepdaughters, and their testimony both concerned this misconduct and went beyond it. Lisa testified that, when she was age nine, Mr. Sexton had grabbed her hand and placed it around his penis. In her testimony, Christy related that, when she was age twelve, Mr. Sexton had repeatedly fondled her breasts and vaginal area, had forced her to weigh naked in front of him, and once had forced himself on top of her on a bed and pressed his genitals against hers.

that corroborates the testimony of the victim should be nearly identical to the charged crime and so unusual and distinctive as to be a signature of the defendant's *modus operandi.*" *Bernard,* 849 S.W.2d at 17.

The State concedes, and we agree, that admitting the prior sexual misconduct evidence below constituted error under *Bernard.* Although some similarities existed in the sexual abuse described by Rachel, Lisa, and Christy, the methodology involved in each incident lacked the requisite uniqueness to identify Mr. Sexton as the wrongdoer under the "signature *modus operandi*" exception. Admitting testimony of Mr. Sexton's prior sexual abuse of Lisa and Christy thus violated the holding of *Bernard.*

 The State suggests that in the event this cause is remanded for a new trial because of the erroneous admission of evidence of prior sexual misconduct, the only issue on remand should be the applicability of a newly enacted sex crimes statute, Section 566.025. That section originated as Senate Bill 693, was approved by our General Assembly on July 14, 1994, and became effective January 1, 1995. The new enactment appears to legislatively overrule the *Bernard* exception and to allow admission of uncharged sexual misconduct evidence if, but only if, specified circumstances are present. Section 566.025 provides in its entirety:

> In prosecutions under chapters 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.[3]

The State suggests section 566.025 simply changes the rules of evidence without authorizing conviction on less or different proof.

If so, the statute is procedural in nature, and can be applied to all persons being tried following its effective date, even if the crime occurred at an earlier time, without violating the prohibition against *ex post facto* laws. *State v. Stevens,* 757 S.W.2d 229, 231–32 (Mo.App.1988). *See also State v. Belk,* 759 S.W.2d 257, 259 (Mo.App.1988).

Mr. Sexton suggests that the statute's effects are more than procedural because the statute will be used to introduce evidence of other alleged crimes. He notes that *Bernard* itself recognizes that propensity evidence can lead the jury to find the defendant guilty based on his prior misconduct, rather than because of any evidence he actually committed the crime with which he is charged. He also quotes from *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (Mo. banc 1954), cited in *Bernard,* which states:

> Evidence of other crimes, when not properly related to the cause on trial, violates defendant's right to be tried for the offense for which he is indicted. *State v. Shilkett,* 356 Mo. 1081, 204 S.W.2d 920, 922–23 [ (1947) ].

*State v. Reese,* 274 S.W.2d at 307.

This is not the forum for resolving these constitutional issues. It may be that, on remand, the trial court will find (as defendant suggests) that the statute does not apply because one of its criteria is not met. In that case, the constitutional issue need not be reached at all. If Section 566.025's requirements are found to be met on remand, however, then Mr. Sexton must be given a full opportunity to raise and argue the constitutionality of that section and of its application to him.

 In Point IV, Mr. Sexton argues his conviction should be reversed without remand for a new trial because the State failed to prove that Rachel was under age fourteen at the time of the offenses, an essential element of the crimes charged. We disagree. We must give the State the benefit of all reasonable inferences, disregarding any con-

---

3. Section 566.025 is not yet officially codified, but its text appears in *Vernon's Missouri Legislative Service,* West's No. 176 (1994).

trary inferences. *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993). Rachel testified that all of the incidents occurred before her fourteenth birthday. While her testimony did not place specific acts on specific days, this was not required. Her testimony, if believed, provided an adequate basis on which the jury could determine that defendant was guilty of the crimes charged.

Only one of Mr. Sexton's remaining points on appeal is likely to recur in any retrial. In Point III, Mr. Sexton asserts error in allowing Lisa and Christy to testify, over his objection, that they had been afraid to report his sexual misconduct against them during his earlier marriage to their mother because he had regularly beaten their mother during that marriage. Defendant argues the evidence of Lisa and Christy's fear was improperly used to bolster Rachel's credibility as to why she was afraid to report her stepfather's sexual abuse of her when married to her mother a decade later.

The State does not even argue in its brief that such evidence fit within any exception, and we find that it did not. Whether or not defendant beat his previous wife, and whether or not his stepchildren from that marriage were afraid of him, was inadmissible to show why Rachel failed to report his misconduct against her ten years later. We need not reach the issue whether the admission of this evidence was *itself* prejudicial error. Rather, should the same issue arise on retrial, we direct the trial court to exclude such evidence unless the State demonstrates that it fits within one of the recognized exceptions.

We accordingly reverse Mr. Sexton's convictions and sentence and remand the cause with directions for a new trial on all issues in conformity with this opinion.

All concur.