STATE of Missouri, Respondent,

v.

Sean K. McNAUGHTON, Appellant.

No. WD 49936.

Missouri Court of Appeals,
Western District.

May 14, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 1996.

520

Barbara Hoppe, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

ULRICH, Judge.

Sean McNaughton appeals his conviction and resulting sentences for drug trafficking in the first degree, section 195.222.7(1), RSMo 1994 (Count I), and possession of methamphetamine, section 195.202.1, RSMo 1994 (Count II). He was sentenced to twenty-five years imprisonment on the trafficking charge and five years for possession, to be served concurrently. Mr. McNaughton raises eight issues on appeal: 1) the trial court erred in denying his motion to suppress in that there was no probable cause to search his car, and he did not consent to the trooper searching the vehicle; 2) the trial court erred in not granting his motion for production or alternative motion for dismissal in that the clothing items recovered from the van were destroyed by Sergeant Ripley knowing them to have exculpatory value; 3) the trial court erred in sustaining the jury's verdict in that the crime submitted to the jury was in variance with the crime charged; 4) the trial court erred in overruling Mr. McNaughton's motion for judgment of acquittal in that the state failed to prove beyond a reasonable doubt that appellant committed the crime; 5) the trial court erred in failing to submit to the jury an instruction on the lesser included offense of possession of marijuana; 6) the trial court erred and abused its discretion in not severing counts I and II for separate trials; 7) the trial court erred in allowing documents from Mexico attached to the motor vehicle records from California to be admitted in that the records constituted inadmissible hearsay; and 8) the motion court erred in denying his Rule 29.15 motion for postconviction relief without an evidentiary hearing.

On review, the evidence is viewed in the light most favorable to the verdict; no consideration is given to contrary or adverse evidence. *State v. Storey*, 901 S.W.2d 886, 891 (Mo. banc 1995). On June 19, 1993, at approximately 3:40 a.m., Sergeant James Ripley, Missouri Highway Patrol, was traveling east on Interstate 70 when a van exceeding the speed limit passed him. After two attempts to check the license number of the vehicle, he received information that the vehicle was registered to Sean McNaughton and Claudia Martinez.

Sergeant Ripley paced Mr. McNaughton's vehicle at 75 miles per hour, in excess of the posted speed limit, using radar and speedometer to gauge the speed. Sergeant Ripley activated his emergency equipment. The van drove to the side of the road. As the trooper approached the van, Mr. McNaughton rolled down the window on the driver's side. The passenger, who had been sleeping in the middle seat, sat up, apparently to hear Sergeant Ripley and Mr. McNaughton's conversation. Sergeant Ripley smelled the odor of raw marijuana emanating from the vehicle.

Mr. McNaughton could not produce his driver's license when Sergeant Ripley asked to see it, and Mr. McNaughton exited the van to look for it in the rear of the van. Sergeant Ripley followed him. When Mr. McNaughton opened the rear of the van, Sergeant Ripley saw inside the back portion of the van. He noticed that the floor carpeting was a different color than the rest of the upholstery. He also noticed that the screw heads and the molding strips were scratched, and the floor appeared to be raised. He concluded from his observation that the van had been customized and that it contained a false compartment. Mr. McNaughton then opened the sliding door at the side of the vehicle. Sergeant Ripley noticed that the molding strip along the floorboard wasn't level and "stood up" at one end. As Sergeant Ripley observed the rear of the van,

Mr. McNaughton looked through loose clothes for his driver's license until he found it.

Sergeant Ripley asked Mr. McNaughton to accompany him to the patrol car. While Sergeant Ripley was attempting to acquire, by computer, information regarding the license plate number on Mr. McNaughton's vehicle, he questioned Mr. McNaughton about his destination, occupation, and the co-owner of the vehicle. He also tried to glean information from Mr. McNaughton regarding the passenger, since the passenger did not produce any form of identification. Mr. McNaughton stated that he was going to Ohio to see relatives whom he had not seen before and was planning to stay in Ohio a few weeks. He told Sergeant Ripley that his passenger was Miguel Rico, and he had known him about a year. Sergeant Ripley then left Mr. McNaughton in the patrol car and went to the exterior of the van to talk with the passenger.

The passenger identified himself as Miguel Angel Rico. His real identity was later discovered to be Carlos Ugalde. He was from Tijuana, Mexico. He stated that he had known Mr. McNaughton for approximately four years. Mr. Rico explained to Sergeant Ripley that he was going to Philadelphia and to the Hall of Fame. The passenger told Sergeant Ripley that Mr. McNaughton was going to visit family members. After his discussion with the passenger, Sergeant Ripley returned to his patrol car to inquire more of Mr. McNaughton.

Sergeant Ripley radioed for the canine unit to assist him. He asked Mr. McNaughton if he had anything in the vehicle that was illegal, such as drugs, or if he had large sums of money, either concealed or unconcealed. Sergeant Ripley then asked if Mr. McNaughton objected if he looked through the vehicle for those items. Mr. McNaughton said, "I don't have a problem with that." Sergeant Ripley asked Mr. McNaughton to remain in the patrol car. Sergeant Ripley then took a screwdriver from his car and went to the van.

After removing Mr. Rico from the van, Sergeant Ripley took off the molding strip from the side of the van. He went to the rear of the van and pulled the carpet up to try and find the hidden compartment. Finding the hidden compartment, he could see into it and, using his flashlight, observed brown packages. At this point, the drug dog arrived and was led through and around the van several times. He alerted at the side of the van by scratching and barking, indicating the presence of drugs.

Sergeant Ripley formally arrested Mr. McNaughton and informed him of his rights in compliance with *Miranda*. He then asked how to get into the hidden compartment. Mr. McNaughton said he did not know. Sergeant Ripley began removing the contents of the van in an attempt to gain access to the hidden compartment. He found two trap doors, and using a screwdriver found in the van, opened the doors. Each compartment contained packages of marijuana wrapped in brown contact paper and wet clothing.

Sergeant Ripley followed the van as it was driven by another Highway Patrol Trooper to the sheriff's garage in Lexington, Missouri. While in Lexington, a cigarette package containing a plastic bag of methamphetamine was found above the driver's sun visor by another law enforcement officer.

Following trial, the jury returned a verdict of guilty on both Counts I and II. The court sentenced Mr. McNaughton to concurrent sentences of twenty-five years incarceration on Count I and five years on Count II. He filed a Rule 29.15 pro se postconviction motion. The motion court denied his motion without an evidentiary hearing. Mr. McNaughton appeals both his conviction on both counts and the denial of his Rule 29.15 motion.

## I. Search and Seizure

■■■ Mr. McNaughton claims as his first point on appeal that the trial court erred in denying his motion to suppress the contraband found within the vehicle, contending that probable cause did not exist for Sergeant Ripley to stop or search his vehicle, that his continued detention and questioning was unreasonable, and that he did not consent to the search of the vehicle. Appellate review of the trial court's ruling on a motion

to suppress is limited to determining whether evidence is sufficient to support the trial court's ruling. *State v. Hofmann,* 895 S.W.2d 108, 113 (Mo.App.1995). The facts are viewed in light most favorable to the ruling. *State v. Duncan,* 879 S.W.2d 749, 751 (Mo.App.1994).

Mr. McNaughton, in his motion to suppress, alleged that no valid basis existed to justify the stop, and even if the stop was valid, Sergeant Ripley's conduct exceeded the bounds of a traffic stop because consent to search the vehicle was not given and probable cause did not exist to justify the extensive search of his van. Therefore, the fruits of the search should have been suppressed.

Sergeant Ripley testified that Mr. McNaughton's van passed him while he traveled East on Interstate 70. He then paced the van, using speedometer and radar equipment, at 75 miles per hour in a 65 mile per hour speed zone. Highway Patrol Sergeant Ripley was authorized to stop Mr. McNaughton for violating the speed limit. The trial court found Sergeant Ripley's account of what transpired to be credible. Decisions of credibility are left to the trial judge. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo.1990). The initial stop was therefore valid. Sergeant Ripley did what he was legally permitted and objectively authorized to do, and the stop was not precluded by the constitution. *State v. Malaney,* 871 S.W.2d 634 (Mo.App. 1994).

Mr. McNaughton next argues that even if the stop was valid, the scope of the questioning was not reasonably related to the circumstances. A reasonable investigation of a traffic stop may include asking for the driver's license and registration, requesting the driver to sit in the patrol car, and asking the driver about his destination and purpose. *U.S. v. Ramos,* 42 F.3d 1160, 1163 (8th Cir. 1994). Once a driver has produced a valid license, he must be allowed to proceed on his way without additional questioning unless the officer has a reasonable suspicion of unlawful activity. *State v. Kovach,* 839 S.W.2d 303, 311 (Mo.App.1992). If the trooper's suspicions are raised that unlawful activity may be involved, he may expand the scope of the stop and ask additional, more intrusive questions. *Ramos,* 42 F.3d at 1163.

Sergeant Ripley had reason to believe that unlawful activity was occurring. He smelled the odor of unprocessed marijuana that emanated from within the vehicle when he first spoke to Mr. McNaughton at the driver's window of the van. He asked both Mr. McNaughton and his passenger questions reasonably related to the traffic stop and received inconsistent answers. The parties provided different responses to how long they had know each other, where they were going and how long they intended to stay. These circumstances allowed the trooper to expand the scope of his questioning. *Id.* A trained officer may properly infer from a collection of circumstances, even if one of them alone does not indicate illegal activity, that further inquiry is appropriate. *Ramos,* 42 F.3d at 1163.

Mr. McNaughton argues that even if further detention was reasonable, Sergeant Ripley did not have consent or probable cause to search the van, and, therefore, the fruits from his search are inadmissible. The Fourth Amendment protects against unreasonable search and seizure. *U.S. v. Pena,* 920 F.2d 1509, 1514 (10th Cir.1990). The general principle is that searches conducted without a search warrant are unreasonable, subject to a few well established exceptions. *State v. Perrone,* 872 S.W.2d 519, 522 (Mo. App.1994).

Valid consent allows law enforcement officers to conduct warrantless searches of vehicles as an exception to the Fourth and Fourteenth Amendment requirement that an authorizing search warrant be issued before a search is permitted. *State v. Williams,* 832 S.W.2d 10, 12 (Mo.App.1992). The scope of a consent search is limited to the breadth of the consent given. *Pena,* 920 F.2d at 1514. The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness. *State v. Melville,* 864 S.W.2d 452, 454 (Mo.App.1993). The extent of the search is governed by the totality of the circumstances. *Id.* at 455. In particular, what would a reasonable person understand the

consent to authorize by the exchange between the officer and the defendant. *Id.*

The request by Sergeant Ripley to look through the van can be construed as a request for full examination. *State v. Williams,* 832 S.W.2d 10, 12 (Mo.App.1992). The exchange that occurred prior to Sergeant Ripley's request is relevant. Sergeant Ripley asked, "Do you have anything anywhere in that vehicle that is illegal to possess?" "Any kind of drugs or large sums of money or anything like that?" Mr. McNaughton responded, "No, I sure don't." Sergeant Ripley then asked, "Nowhere in the vehicle, either concealed or in the open?" Response, "No, sir." Immediately after this conversation Sergeant Ripley asked Mr. McNaughton whether he objected to Sergeant Ripley's "looking through" the vehicle for those types of items. Mr. McNaughton replied, "I don't have a problem with that."

■ Whether Mr. McNaughton's consent to "look through" the van authorized the extensive search conducted, however, need not be reached. Even if Mr. McNaughton's consent did not extend to looking for entry into where the trooper believed he observed a concealed compartment, the trooper had probable cause to believe that the van contained contraband. A search of a vehicle on the highways pursuant to probable cause that contraband, weapons, or evidence of a crime are within the vehicle is a well established exception to the Fourth Amendment search warrant requirement. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Villa–Perez,* 835 S.W.2d 897, 902 (Mo. banc 1992). Probable cause requires no more than a reasonable belief that it is more probable than not that the vehicle contains illegal property. *State v. Milliorn,* 794 S.W.2d at 183.

■ Sergeant Ripley, when approaching the van, detected the odor of raw marijuana. Where there is a legitimate reason to stop a car and the officer thereafter detects the odor of marijuana, an ensuing search is based on probable cause. *Villa–Perez,* 835 S.W.2d at 902. Upon observing the rear portion of the van while Mr. McNaughton searched for his license, the trooper noticed that the carpeting on the floor panel did not match the rest of the interior, the floor was raised, and the molding and the tops of the screws securing the floor molding were scratched. Based on his fourteen years of experience as a member of the Highway Patrol, Sergeant Ripley concluded from his observations that the van had been customized and had a false floor that resulted in a concealed storage compartment. Additionally, the dog from the canine unit alerted at the side of the van near the open door indicating that contraband was located in the vicinity of the floorboard. These facts together permit a reasonable belief that Mr. McNaughton was carrying contraband in the clandestine storage space.

■ Probable cause only requires a probability or substantial chance of criminal activity. *U.S. v. Benevento,* 836 F.2d 60, 66 (2nd Cir.1987). A trooper need not have been confronted with a prima facie showing of criminal activity by the defendant. He need only have concluded that a probability of criminal activity existed and from this have an acceptable basis for probable cause to believe the vehicle was carrying contraband. *State v. Burkhardt,* 795 S.W.2d 399, 405 (Mo. banc 1990). Sufficient indications existed for Sergeant Ripley to reasonably conclude that criminal activity was involved.

■ Even if Sergeant Ripley exercised poor judgment in pulling up the molding and some carpet before the drug dog arrived, this will not taint the evidence discovered. The trooper would have had sufficient cause to search for the drugs within the hidden floor after the dog alerted. Evidence that would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by law enforcement authorities does not have sufficient taint to preclude it from trial. *Nix v. Williams,* 467 U.S. 431, 447, 104 S.Ct. 2501, 2511, 81 L.Ed.2d 377 (1984); *State v. Engel,* 859 S.W.2d 822 (Mo. App.1993).

Point I is denied.

## II. Destruction of Evidence

■ Mr. McNaughton's second point on appeal claims that the court erred in not

granting his motion for production or his alternative motion for dismissal. He claims that the clothing recovered from the floor compartment was destroyed by Sergeant Ripley and that it possessed exculpatory value that was known by Sergeant Ripley before its destruction. Apparently, the claimed exculpatory value is that the clothes were not Mr. McNaughton's. He asserts that the exculpatory value of the destroyed clothing could not be obtained from other evidence.

■ The first question requiring consideration is whether the evidence, the clothes entrusted to the state as a result of seizure, is material to the defendant's guilt or innocence. *State v. Carr,* 610 S.W.2d 296, 299 (Mo.App.1980). To warrant sanction, the state's failure to produce the evidence must result in fundamental unfairness to the defendant. *Id.* Upon the failure or inability of the prosecution to produce evidence entrusted to it, imposition of sanctions is within the discretion of the trial court. Rule 25.16; *Id.* The trial court abuses its discretion where it fails to impose sanctions when the nonproduced evidence was of such significance that a reasonable likelihood existed that it would have affected the outcome of the trial. *Id.* Here, the question is whether the state's failure to produce the clothes found in the secret compartment with more that thirty kilograms (sixty-six pounds) of marijuana resulted in fundamental unfairness to Mr. McNaughton.

Assuming the clothes found in the secret compartment with the packages of marijuana were not Mr. McNaughton's, the likelihood that their introduction as evidence at trial would have affected the outcome of the trial is not reasonable. Mr. McNaughton owned the van. He was driving the van, and it was under his control when Sergeant Ripley stopped him. Marijuana totalling more than sixty-six pounds was found in a secret compartment shortly after Trooper Ripley stopped and detained Mr. McNaughton.

■ The defendant must show bad faith to receive relief when evidence potentially helpful to the defendant has been destroyed. *State v. Arndt,* 881 S.W.2d 634, 638 (Mo.App.1994). Failure to preserve potentially useful evidence, without this showing of

bad faith, does not constitute denial of due process. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). The state's constitutional duty to preserve evidence is limited to evidence that might be used in the defendant's defense, and it's exculpatory value must have been apparent before it was destroyed. *State v. Arndt,* 881 S.W.2d 634, 638 (Mo.App.1994).

The defendant failed to prove that Sergeant Ripley acted with bad faith in discarding the clothing found with the concealed marijuana. Sergeant Ripley testified that he threw the clothes away because they were soaking wet, and he did not know what liquid saturated the clothes. He was concerned that the liquid soaking the clothes could be hazardous and threw them away because of safety concerns. The trial court did not err in denying Mr. McNaughton's motion to dismiss.

Point II is denied.

### III. Crime submitted to Jury in Variance with Crime Charged

■ Mr. McNaughton claims the trial court erred in sustaining the jury's verdict because the criminal instruction submitted to the jury was fatally in variance with the crime charged by the information. He claims that the information charged him with "possession with intent" to distribute, deliver, manufacture or produce marijuana and the criminal instruction submitted to the jury was for the inchoate offense of trafficking drugs first degree which resulted in denial of his right to due process.

■ Although the information charging Mr. McNaughton was drafted poorly, Mr. McNaughton has not met his burden under *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992). *Parkhurst* requires that when the charging document is claimed defective for the first time after the verdict, the information will be deemed insufficient "only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the

event of acquittal are prejudiced." *Id.* at 35. Mr. McNaughton did not raise this issue that the information was defective until his motion for new trial, after the jury had returned its verdict.

Mr. McNaughton is not entitled to relief on his claim that the information is insufficient unless he demonstrates actual prejudice. *Id.* Indictments and informations are no longer treated as magical incantations that permit the defendant to escape "if the verbal charms are uttered improperly". *State v. Isa,* 850 S.W.2d 876, 887 (Mo. banc 1993).

The prosecutor charged Mr. McNaughton with violating section 195.222.7(1), RSMo 1994 by committing the Class A felony of TRAFFICKING DRUGS FIRST DEGREE. Although the factual assertions in support of the charge appear to track the language of section 195.211, RSMo 1994 the charge sufficiently notified Mr. McNaughton of the crime for which he was charged. The information contained the proper statutory section, § 195.222.7(1) RSMo. It also stated the necessary elements of the crime, specifically that Mr. McNaughton had more than thirty kilograms of marijuana, a controlled substance, in his control with intent to distribute, deliver, manufacture or produce. Trafficking in the first degree requires as an element that the defendant distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce more than thirty kilograms of marijuana. § 195.222.7(1), RSMo 1994. Reasonable construction of the stated offense supports the conclusion that Mr. McNaughton was convicted of the offense charged. The purpose of the constitutional requirement that the charge state the nature and cause of the accusation is to ensure that the defendant will have notice of the charge, be able to prepare a defense, and avoid double jeopardy. *Id.* Mr. McNaughton was not prejudiced by the imperfect information.

Point III is denied.

## IV. Sufficiency of the Evidence

 Mr. McNaughton next claims the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because the state failed to prove his guilt of the offense charged beyond a reasonable doubt. He claims there was insufficient evidence to convince a reasonable trier of fact that he consciously and intentionally possessed a controlled substance.

 In reviewing the sufficiency of the evidence, appellate courts determine whether sufficient evidence was presented to permit a reasonable juror to find guilt. *State v. Storey,* 901 S.W.2d 886, 895 (Mo. banc 1995). Because conviction resulted, the state benefits by reviewing all reasonable inferences from the evidence, and contrary inferences are disregarded. *State v. Sexton,* 890 S.W.2d 389, 391 (Mo.App.1995).

 Mr. McNaughton argues that insufficient evidence was presented to show that he actually or constructively possessed a controlled substance. His argument focuses on possession or control. Although possession of the controlled substance is not an element of the crime for which Mr. McNaughton was charged and convicted,[1] the circumstances supporting conviction may include possession.

 Sufficient evidence was presented to prove that Mr. McNaughton possessed the marijuana. Constructive possession will suffice even where joint control exists so long as there is other evidence to connect the defendant to the drugs. *State v. Merrill,* 846 S.W.2d 225, 229 (Mo.App.1993). Possession is properly inferred where the marijuana is found in the vehicle then driven by defendant, the vehicle was titled in defendant's name creating a clear implication that it was he who controlled the contraband and not the passenger, and the officer smelled marijuana upon approaching the van. *State v. Fuente,* 871 S.W.2d 438, 442 (Mo. banc 1994).

Point IV is denied.

---

**1.** Section 195.222.7 RSMo 1991, provides:
A person commits the crime of trafficking drugs in the first degree if, except as authorized by sections 195.005 to 195.425, he dis-tributes, delivers, manufactures, produces or attempts to distribute, deliver, manufacture or produce more than thirty kilograms of a mixture or substance containing marijuana.

## V. Lesser Included Offense

■ Mr. McNaughton's fifth point on appeal asserts the trial court erred in refusing to instruct the jury on the lesser included offense of possession of marijuana. The jury was instructed on trafficking drugs in the first degree and the lesser included offense of trafficking drugs in the second degree. Possession of a controlled substance is a lesser included offense of trafficking drugs, second degree. *State v. Smith,* 825 S.W.2d 388, 391 (Mo.App.1992). To sustain conviction of a lesser included offense, the greater crime for which the defendant is specifically charged must include in the charging document a description of the manner in which the greater crime was committed and allegations essential to constitute a charge of the lesser offense. *State v. Amsden,* 299 S.W.2d 498, 503 (Mo. banc 1957). The information contained allegations that Mr. McNaughton had under his control more than 30 kilograms of marijuana. Therefore, the averment contained allegations essential to constitute the lessor offense of possession.

However, Missouri courts have construed section 556.046.2 to limit the requirement of a lesser included offense instruction to those cases where there is some affirmative evidence that could form the basis of an acquittal of the greater offense and a conviction of the lesser included offense. *State v. Warrington,* 884 S.W.2d 711, 717 (Mo.App.1994). The affirmative evidence relied upon must have probative value. *Id.*

No evidence existed that could form the basis for acquittal on trafficking in the second degree that would also support conviction of possession or control of a controlled substance. Mr. McNaughton provided no affirmative evidence to support his acquittal of trafficking drugs, either in the first or second degree. He is not entitled to a lesser included offense instruction merely because the jury might disbelieve some of the state's evidence or decline to draw some or all of the permissible inferences. *Warrington,* 884 S.W.2d at 717.

Point V is denied.

## VI. Severance of Counts

■ Mr. McNaughton's sixth point claims the trial court abused its discretion in overruling his motion to sever Counts I and II. Mr. McNaughton asserts that he was prejudiced by a single trial of the two charges because, he claims, he would have testified at trial on one of the counts but not the other. Mr. McNaughton acknowledges that the two counts in this case were properly joined. The only issue is whether the trial court should have severed the two counts under Rule 24.07.

Rule 24.07 reads as follows:

When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

■ Severance is within the sound discretion of the trial court. *State v. Conley,* 873 S.W.2d 233, 238 (Mo.banc.1994). Denial of a motion to sever will only be reversed upon a showing of both an abuse of discretion and a clear showing of prejudice. *State v. Olds,* 831 S.W.2d 713, 719 (Mo.App.1992). In determining if prejudice exists, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact can realistically distinguish the evidence or apply the law to each offense. *State v. Strauss,* 893 S.W.2d · 890, 892 (Mo.App.1995).

■ Mr. McNaughton asserts that he was unduly prejudiced by the failure to sever because he would have testified as to one of the counts but not as to the other. A statement by the defendant that he intended to testify regarding one offense but not another does not constitute a particularized showing

of prejudice. *Id.*; *State v. Seagraves,* 700 S.W.2d 95, 99 (Mo.App.1985). Absent factual information showing exactly how the defendant was prejudiced and denied a fair trial, the trial court cannot be found to have abused its discretion. *Id.*

Point VI is denied.

### VII. Motor Vehicle Records

▮ During the testimony of James L. Cheatham, Special Agent, United States Customs Service, the court admitted records from the State of California as public records of another Union member sister state. The records were offered to prove Mr. McNaughton's legal interest in the van and his legal authority to control it. Unreadable documents were attached to the California vehicle registration, including a bill of sale regarding the purchase of the van in Mexico. Mr. McNaughton claims the trial court erred in allowing introduction as evidence the documents attached to the California motor vehicle records. He claims the sale occurred in Mexico and the records regarding the sale, including the bill of sale, are Mexican and could not be certified by the motor vehicle custodian of records in California.

Section 490.220, RSMo 1994 provides:

All records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if attested by the keeper of said record or books, and the seal of his office if there be a seal.

The state offered the California records as evidence of Mr. McNaughton's legal interest in the van to show his physical control of the vehicle when the van was searched and the contraband was found. The exhibit was the certified records of the Department of Motor Vehicle in California regarding registration of the vehicle. The bill of sale for the vehicle was part of this record. The entire record was, therefore, admissible evidence under section 490.220, RSMo 1994 as a record of a sister state.

Point VII is denied.

### VIII. Rule 29.15 Motion

▮ Mr. McNaughton's final point on appeal claims the motion court erred in denying his motion for postconviction relief without an evidentiary hearing. The movant is entitled to an evidentiary hearing only if he alleges facts, that if true warrant relief, the allegation is not refuted in the record, and the matters complained of resulted in prejudice to him. *Kelley v. State,* 866 S.W.2d 879, 880 (Mo.App.1993). A motion court should not hold an evidentiary hearing if the record conclusively shows that the movant is not entitled to relief. Rule 29.15(h); *Id.*

Mr. McNaughton alleges that his trial counsel was ineffective in failing to: (1) thoroughly cross examine Sergeant Ripley regarding the speed at which movant was travelling when he was stopped; (2) vigorously cross examine Sergeant Ripley regarding the destroyed warning ticket and clothing; (3) object to the length of time movant was detained before he was arrested; (4) request that the court order a presentence investigation report; and (5) raise fully the issue that the stop was illegally based on "profiling" the Hispanic passenger.

▮ In order to establish ineffective assistance of counsel, movant must establish that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display in similar circumstances and this deficient performance prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The movant has the burden of establishing these elements by a preponderance of the evidence. *Antwine v. State,* 791 S.W.2d 403, 406 (Mo.banc.1990), *cert. denied,* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991). Counsel is presumed competent, and prejudice exists only when trial counsel's failure to act is outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* — U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

▮ Review of a motion court's denial of postconviction relief is limited to determining whether the findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); *State v. Stoner,* 907 S.W.2d 360, 365 (Mo.

App.1995). Findings and conclusions are clearly erroneous if after review of the entire record the appellate court is left with a definite and firm impression that a mistake has been made. *Dehn v. State,* 895 S.W.2d 55, 58 (Mo.App.1995).

■ The motion court found that Sergeant Ripley was a credible witness and that further examination would have no effect on the determination that stopping the vehicle was valid. Sergeant Ripley was cross examined about the equipment he used in assessing Mr. McNaughton's speed and the methods by which he assured reliability of the equipment's performance. Trial counsel made numerous attempts to prevent admission of the evidence acquired as a result of the vehicle stop and subsequent search, including filing a motion to suppress and objections made at trial to questions and offered evidence.

The motion court also found that trial counsel zealously pursued the failure of the state to preserve the clothing from the van in pretrial motions, during cross-examination of Sergeant Ripley, during closing argument and again in motion for a new trial. Counsel's further pursuit of these claims would not have altered the verdict.

The motion court found that at the time Mr. McNaughton was arrested, the trooper not only had his consent to search the van, but that probable cause existed. Therefore, even if trial counsel had more vigorously pursued this issue, the court's ruling would not have been affected.

■ Mr. McNaughton does not specify any facts that the court would have acquired by a presentence investigation that would result in a different sentence than the sentence imposed. Therefore, no prejudice from the trial counsel's failure to request such an investigation is demonstrated.

Substantial evidence was presented that Sergeant Ripley made a valid stop because Mr. McNaughton was speeding. Trial counsel cross examined him about "profiling." The trial court found Sergeant Ripley a credible witness. He testified that he did not use profiling, but he was suspicious due to the numerous factors produced at trial such as the odor of marijuana he smelled emanating from within the van and the altered appearance of the van. Therefore, trial counsel was not ineffective in failing to develop this issue further.

■ Defense counsel's decisions on the type of cross-examination to utilize and evidence to present are matters of trial strategy. Ineffective assistance of counsel claims relating to trial strategy do not provide a basis for post-conviction relief. *State v. Williamson,* 877 S.W.2d 258, 262 (Mo.App.1994). Mr. McNaughton has provided no facts to demonstrate that trial counsel was ineffective or that he was prejudiced by any of her actions. The court found that trial counsel vigorously represented movant and vigorously pursued attempts to suppress evidence, dismiss charges, and obtain an acquittal. Review of the whole record does not support a finding that the motion court was clearly erroneous.

Point VIII is denied.

The judgment of conviction and the order denying the Rule 29.15 postconviction motion are affirmed.

All concur.