STATE of Missouri, Plaintiff–
Respondent,

v.

Arthur James GARRISON,
Defendant–Appellant.

No. 21670.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 1998.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

A jury convicted Arthur James Garrison ("Defendant") of first degree assault, § 565.050,[1] and second degree attempted robbery, § 564.011. The trial court sentenced him to consecutive prison terms of fifteen years for the assault conviction, and seven years for the attempted robbery conviction. On this appeal, he claims that the trial court erred in rejecting two of his proffered jury instructions which would have authorized a conviction of third degree rather than first degree assault. We affirm.

Defendant does not challenge the sufficiency of the evidence supporting his convictions. On review, we view it in the light most favorable to the verdicts, and do not consider contrary or adverse evidence. *State v. McNaughton*, 924 S.W.2d 517, 521 (Mo.App. W.D.1996). So viewed, the evidence was that Carla Burke and Jill Patton were leaving Dillon's supermarket in Springfield on the evening of November 20, 1996, when a car driven by Defendant stopped in front of them. An occupant of the car, Jacob Rob-

---

1. All statutory references are to RSMo 1994.

erts, jumped out of the car and attempted to take Patton's handbag from her. A struggle over the handbag ensued between Patton and Roberts, and they eventually moved to the front of the car. At that point, Burke was also standing in front of the car, hitting the hood, and yelling.

When Roberts was unable to take the handbag away from Patton, he ran back to the car and got in on the passenger side. The car then "jumped forward," hitting Burke and knocking her to the pavement. Patton yelled for the car to stop, and tried unsuccessfully to help Burke up. The car, with Defendant at the wheel, did not stop, but drove over Burke with its front passenger side tire. The car paused after the front tire passed over Burke, but Defendant accelerated the car and drove over her with the rear tire. Defendant and Roberts then drove away. Burke was briefly rendered unconscious by the incident and suffered severe bruising, three broken ribs, and a collapsed lung. As a result, she was hospitalized for thirteen days, and still felt the effects of the injuries at the time of trial in March 1997.

At trial, Defendant offered instructions "D" and "F," each of which would have submitted a different theory of the lesser included offense of third degree assault. The trial court rejected both of these instructions, and instructed the jury only on first degree assault and second degree attempted robbery. In his sole point on appeal, Defendant contends that the trial court erred in rejecting instructions "D" and "F" because the evidence provided a basis for an acquittal of first degree assault, and for a conviction of third degree assault.

■ The distinction between the classes of assault lie in the mental state of the accused and the nature of the injury. *State v. Johnson,* 770 S.W.2d 263, 266 (Mo.App. W.D. 1989). A person commits first degree assault if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person. § 565.050.1 A person "acts knowingly" or with knowledge: (1) with respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist, or

(2) with respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result. § 562.016.3.

■ Defendant points out that § 565.070.1(1) and (4) authorize a conviction for third degree assault if a person recklessly causes physical injury to another person, or if he recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person. When a person "acts recklessly," he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. § 562.016.4. Third degree assault is a lesser included offense of first degree assault. *State v. Spencer,* 725 S.W.2d 54, 56 (Mo.App. W.D.1987).

Defendant's rejected instruction "D" would have authorized a conviction for third degree assault if the jury found that Defendant "recklessly caused physical injury to Carla Burk [sic] by running over her with an automobile." Instruction "F" would have authorized a conviction of the same offense upon a finding that Defendant "recklessly caused physical injury to Carla Burk [sic] by running over her with an automobile, or recklessly created a grave risk of serious physical injury to Carl [sic] Burk [sic] by running over her with an automobile."

■ Trial courts need not instruct on a lesser included offense unless the evidence provides a basis for a verdict acquitting the defendant of the greater offense and convicting him of the lesser offense. *State v. Mease,* 842 S.W.2d 98, 110–11 (Mo.banc 1992), *cert. denied,* 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). This means that the giving of a lesser included offense instruction is limited to those cases where there is some affirmative evidence that could form the basis of an acquittal of the greater offense and a conviction of the lesser included offense. *McNaughton,* 924 S.W.2d at 527. A defendant is not entitled to a lesser included offense instruction merely because the jury might disbelieve some of the state's

evidence or decline to draw some or all of the permissible inferences. *Id.*

 Here, Defendant argues that the trial court should have given instructions "D" and "F" because his own testimony provided a basis for an acquittal of first degree assault and a conviction of third degree assault. Defendant testified that he has poor eyesight, and that he was not wearing his glasses on the evening of November 20, 1996. He was able to see Patton and Roberts struggling in front of the car, but he did not see Burke or anyone else nearby. Defendant had not expected Roberts to try to rob anyone, so he tried to drive away while Roberts was out of the car. When Roberts returned to the car, he started cursing and told Defendant to drive off. Defendant tried to push him out of the car, and the two began to scuffle. Defendant did not see anyone around the car during his altercation with Roberts. Apparently, he also did not hear Patton shouting at him to stop the car. He decided to accede to Roberts' request after Roberts hit him in the jaw, and he started to drive away. As he did so, he did not feel anything go underneath the car. Defendant testified that he did not know that he had run over anyone until the police came to arrest him.

Defendant correctly asserts that this testimony, if believed by the jury, would have supported an acquittal of first degree assault. He could not have knowingly run over and injured Burke if he were not aware of her presence. His contention that his version of the facts would have supported a conviction of third degree assault, however, does not follow. According to Defendant's theory, he had no reason to think that Burke was in front of the car. He would not have acted recklessly by failing to check around the front of the car to see if anyone happened to be lying there. Defendant's testimony, if believed, would have supported the conclusion that his running over Burke was an accident. That theory would have been a defense to first degree assault in that belief of Defendant's testimony, would have precluded a finding that he knowingly attempted to cause serious physical injury to Burke. It would not have supported his present theory that his conduct was "reckless," which, ac-

cording to the definition of that term in § 562.016.4, would mean that he consciously disregarded a substantial and unjustifiable risk that Burke was in front of or under the car. Accordingly, Defendant's testimony would not have supported a conviction of third degree assault, and the trial court did not err in rejecting Defendant's proffered third degree assault instructions.

The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.