STATE of Missouri, Respondent,

v.

John C. BURNS, Appellant.

No. WD 61669.

Missouri Court of Appeals, Western District.

Aug. 19, 2003.

John Maurice Schilmoeller, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, Richard A. Starnes, Office of Attorney General, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

This case is a retrial of charges of attempted forcible rape, armed criminal action, and first degree assault occurring in 1986. John Burns was originally convicted in 1987 of all charges and the convictions were affirmed. *State v. Burns,* 759 S.W.2d 288 (Mo.App.1988). Burns was denied federal habeas by the United States District Court but that decision was reversed on appeal to the Eight Circuit Court of Appeals. *Burns v. Gammon,* 173 F.3d 1089 (8th Cir.1999). Ultimately, the convictions were set aside because Burns received ineffective assistance of counsel, and the matter was remanded to state court for a new trial. *Burns v. Gammon,* 260 F.3d 892 (8th Cir.2001).

Burns was again convicted of all of the charges and brings this direct appeal contending two points of trial error. First, he complains that the trial court erred in allowing the State, over objection, to read the first trial testimony of a witness who had subsequently died. He argues that the use of this testimony violated his rights to due process and to cross examine witnesses, even though Wisdom testified and was cross examined at the first trial, because Burns' first trial counsel had been found to be ineffective. His second point contends that the trial court erred in denying his motion to dismiss based on the complaint that, sometime after the first trial, the police had disposed of physical evidence that had been gathered in the 1986 investigation because such evidence might have been exculpatory. We affirm.

The sufficiency of the evidence is not at issue. Viewed in the light most favorable to the verdict, the evidence shows: At about 9:00 P.M. on December 1, 1986, the victim, Caroline Arnold, was working at a bookstore in the Red Bridge Shopping Center. Burns entered the store and looked around until other customers left. Burns was looking at books at the rear of the store and called the victim to the rear to ask a question. When she reached for a book at his request he grabbed her and threw her down onto the floor.

After getting on top of her, he told her, "Don't yell, don't fight, I'll cut you." He then pulled up her skirt and tore off her pantyhose. He struck her in the face when she told him that the store's owner would be back in a few minutes. Burns fondled the victim and himself in an attempt to get an erection. When asked why he was doing this, Burns repeatedly punched the victim in the face. He next took a knife from his pocket and cut her bra. He stuck the knife into a box and attempted to penetrate the victim with his penis.

At that point, another customer, Steve Wisdom, came into the store. When the victim started screaming for help, Burns started stabbing her in the neck. Wisdom went to the back of the store and saw Burns straddling the victim and hitting her in the face. Wisdom ran to a nearby store for help and to call the police. In the meantime, Burns stabbed the victim in the neck again and pulled the knife across her throat tearing cartilage and her windpipe. Before the police arrived and Wisdom returned, Burns left the store, but his vehicle and license number was identified.

Both Wisdom and the victim gave the police a description of Burns. The vehicle was located that night, and Burns was arrested the next morning. Burns consented to a search of his apartment, where police recovered the clothes he wore during the assault. He told the police that he threw the knife into a ravine which was searched, unsuccessfully. At the police station, Burns signed a written statement admitting to the attempted rape and stabbing. Police compiled a photo lineup from which the victim, Wisdom, and a third witness, who saw him drive away, identified Burns.

### Use of the Deceased Witness' Original Trial Testimony

■ Burns acknowledges an exception to the confrontation clause where the defendant had the opportunity to cross-examine a now unavailable witness at a prior judicial proceeding against the defendant in the same matter. *State v. Kee,* 956 S.W.2d 298, 302 (Mo.App.1997). Such testimony is admissible if: (1) the testimony was before a judicial tribunal; (2) the witness was sworn and testified; (3) the parties and issues were substantially the same; (4) the witness is unavailable after

due diligent efforts to locate; and (5) the accused was present and had the opportunity for cross-examination. *State v. Sumowski,* 794 S.W.2d 643, 648 (Mo. banc 1990).

■ Burns admits that the first four elements were satisfied but contends that, because his first trial counsel was found ineffective by the Eighth Circuit Court of Appeals, he was essentially denied his right to cross-examine Wisdom. The State points out that Burns original trial counsel did, in fact, cross-examine Wisdom and that Burns did not complain, and the Eight Circuit expressed no concern, about the effectiveness of counsel in that respect.[1]

■ The fact that trial counsel is inadequate in one instance does not necessarily mean that counsel's performance is inadequate in all respects. *See Lahay v. Armontrout,* 974 F.2d 979, 981 n. 2 (8th Cir.1992). Burns complains that original trial counsel's cross-examination was short, but we note that Wisdom's direct testimony was extremely short as well. Original trial counsel pointed out on cross-examination that Burns had not locked the doors or turned out the lights in the store. Burns now claims that original counsel could have done more to elicit Wisdom's possible bias and prejudice. He does not, however, identify any bias or prejudice that counsel could have elicited. Finally, Burns again argues that original counsel made no effort to test Mr. Wisdom's memory of perception of the event. Again, however, he articulates no probable cross-examination about those factors. Burns was taken into custody shortly after the incident and quickly identified by Wisdom. Wisdom's testimony was consistent with that of the victim and Burns' statement.

Burns has articulated no deficiencies in counsel's cross-examination of the witness that would undermine confidence in the proper use of Wisdom's earlier testimony in the retrial. Point denied.

■ In his second point, Burns argues that the trial court should have dismissed the charges against him because of the destruction of physical evidence by the police between his first and second trials. He argues that the evidence may have been exculpatory and it was required to be disclosed under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The evidence was a box with blood on it, pantyhose, "other physical evidence" from the scene, and Burns' "clothes and some things." Counsel asserts that the possibility exists that there could be some testing on that property that could possibly be exculpatory. There was no evidence of when the evidence was destroyed. The State argues that there was no showing of how the destroyed evidence might have been exculpatory and certainly no showing that its destruction was in bad faith.

■ The refusal to dismiss an indictment is reviewable for an abuse of discretion. *State v. Floyd,* 18 S.W.3d 126, 133 (Mo.App.2000). A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Brown,* 939 S.W.2d 882, 883–84 (Mo. banc 1997). We consider whether the court abused its discretion and whether sanctions are appropriate for the destruction of evidence by determining whether the evidence was of such significance to create a

---

**1.** The Eighth Circuit granted habeas relief because of a finding that original trial counsel prejudicially erred in failing to object to clos-

ing argument attacking Burns for exercising his right to a trial and forcing the victim to testify.

reasonable likelihood that the outcome of the trial would be affected. *State v. McNaughton,* 924 S.W.2d 517, 525 (Mo. App.1996).

■ Burns has made no showing that any destroyed evidence was actually or even likely to be helpful to his defense. *Id.* Nor has he made any showing that, even if the evidence was potentially useful, the State acted in bad faith in destroying the evidence or that the exculpatory value of the evidence was apparent before it was destroyed. *Id.* Failure to preserve potentially useful evidence does not constitute the denial of due process without a showing of bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The trial court inquired of counsel about what use the evidence was put to in the original trial and whether there was any indication that any bodily fluids, other than those of the victim, were at the scene. Burns could articulate no specific basis for doing anything more than speculating that something exculpatory might possibly be found. The trial court's inquiries and findings indicate a careful and deliberate consideration, and it did not abuse its discretion or deny Burns due process of law. Point denied.

The judgment and convictions are affirmed.

PAUL M. SPINDEN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.