**STATE of Missouri, Respondent,**

v.

**George L. HAYES, Appellant.**

**No. WD 58642.**

Missouri Court of Appeals,
Western District.

May 15, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Irene C. Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

George Hayes appeals his conviction of one count of possession of a controlled substance under § 195.202, RSMo 1994. He challenges his conviction upon the basis of a warrantless search of his person. We find that he withdrew his initial consent to a search and the police officer lacked reasonable suspicion after the withdrawal of consent to continue the search of Hayes' person.

On the evening of July 30, 1999, Officer Roger Allen of the Columbia, Missouri Police Department and a new officer, Latisha Bruns, were patrolling. Allen noticed Hayes walking in the road instead of on the sidewalk. He thought Hayes might be intoxicated and stopped to check him. Both officers testified that a city ordinance prohibited walking in the roadway when sidewalks are available. Allen asked Hayes if he had been drinking and Hayes responded that he had had one beer. Allen took down Hayes' personal information and asked Bruns to do a computer check for outstanding warrants. Meanwhile Allen asked Hayes if he wanted a ride home. When Hayes accepted, Allen informed him that before he could give him a ride home he would need to make sure that Hayes had no guns or drugs on him. Allen then asked for permission to search Hayes. Hayes did not respond so Allen asked him if he had any weapons or drugs on his person. Hayes said he did not and took a lighter, $10 bill and empty cigarette pack from his pocket and then put them back in his pocket saying, "See, I don't have anything." Allen then asked if he could make sure and Hayes responded, "Go ahead."

Allen then proceeded to pat down Hayes and when he reached the left front pocket felt something and pulled the items described above from the pocket and laid them on the back of the patrol car. Allen testified that he suspected the empty, wadded up cigarette pack contained narcotics. Allen testified that Hayes grabbed the cigarette package and he immediately grabbed Hayes' arm. He says that Hayes ran some 15 feet with Allen still holding him. They fell to the ground, struggled, and Hayes was subdued by mace used by Bruns. Allen removed the cigarette package from Hayes' hand and instructed Bruns to look inside. Bruns discovered two rocks of cocaine in the package. Bruns testified that Hayes removed the items of property from his pocket and put them on the car himself. Hayes then reached for the items and pulled away with Hayes and Allen then going to the ground.

■ Hayes argues that he did not voluntarily consent to the search and that there was no reasonable particularized be-

lief that Hayes was armed to justify a protective patdown for weapons. When the constitutionality of a search is challenged, the State has the burden to justify the search by a preponderance of the evidence. *State v. Milliorn*, 794 S.W.2d 181, 184 (Mo. banc 1990). We conduct a two-tier review on appeal: (1) whether the trial court's findings of fact were clearly erroneous and (2) a de novo review of the legal question whether the Fourth Amendment has been violated. *State v. Ricketts*, 981 S.W.2d 657, 659 (Mo.App.1998). The trial court's ruling is erroneous if we are left with a definite and firm belief that a mistake has been made. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995). The facts are viewed in the light most favorable to the trial court's ruling. *State v. Slavin*, 944 S.W.2d 314, 317 (Mo.App.1997). The validity of a search based upon a claim of consent is judged by the totality of the circumstances. *State v. Garcia*, 930 S.W.2d 469, 472 (Mo.App.1996).

■■■■ The State does not contend that the encounter with Hayes was a protective patdown search for weapons pursuant to a *Terry* stop. Rather, it first contends that Hayes consented to the search of his person for both drugs and weapons when the officer said he would need to conduct a search if Hayes wanted a ride home. Generally, searches conducted without a warrant are unreasonable and violate an individual's rights under the Fourth Amendment. *Id.* However, a search may be justified and valid based upon consent. *State v. Woolfolk*, 3 S.W.3d 823, 831 (Mo. App.1999). To be valid, consent cannot be obtained by duress or coercion, either express or implied. *Id.* To determine whether the consent was voluntary we examine the totality of the circumstances to determine whether an objective observer would conclude that the person voluntarily and freely consented to a search. *Id.*

■■■ The police may, at any time, ask a citizen if he has contraband or weapons and request permission to search the citizen or his car. *State v. Scott*, 926 S.W.2d 864, 868 (Mo.App.1996). "Where consent to search is lawfully obtained, law enforcement officers may conduct a search commensurate with the permission given." *Id.* at 867. Consent will validate a search even if probable cause or a reasonable suspicion of criminal activity does not. *Id.*

Hayes contends that his consent was not voluntary. He claims that he merely acquiesced to the officer's intention, as conveyed by his conduct, to search him with or without consent. We disagree. Hayes argues that the statement, "Go ahead," showed merely his acquiescence in light of the officer's lack of satisfaction with his removal of the items from his pants. Hayes relies upon *State v. Witherspoon*, 460 S.W.2d 281, 282 (Mo.1970) and *State v. Young*, 425 S.W.2d 177, 179 (Mo.1968). We find both those cases distinguishable. For those cases to apply we would have to accept that Hayes' initial non-verbal response to a request for consent of withdrawing items from his pocket and saying "See, I don't have anything," was an initial protest (as in *Young*) or consistent with a desire not to resist the police rather than waive a constitutional right (as in *Witherspoon*). We are required by our standard of review to view the facts consistent with the trial court's ruling. *Slavin*, 944 S.W.2d at 317. So viewed, we conclude that Hayes' initial non-verbal and verbal response was consistent with a consent to search as a condition to a ride home offered by Allen.

■■■■ Hayes next argues that the search exceeded the scope of the consent. A citizen may choose at any time to limit the scope of his consent. *State v. McNaughton*, 924 S.W.2d 517, 523 (Mo. App.1996). When a citizen limits the scope

of a consent to search, the officer must limit the search to the area or extent of the consent, absent other reasonable suspicion to justify the search. *Id.* Hayes' argument seems to focus upon an argument that Allen had no justification to search even for weapons. Although the argument might have some validity if the search was part of a *Terry* stop, the State does not contend that Allen asked to search only for weapons. Hayes ignores that the officer requested permission to search for drugs as well.

 Hayes argues, however, and the State concedes, that at some point in the encounter Hayes withdrew or terminated his consent to the search. The State admits that Hayes revoked his consent when he yelled at Allen that they were not going to take his money and grabbed the cigarette package. When consent is withdrawn, an officer must cease the search absent a warrant or probable cause. *See Woolfolk,* 3 S.W.3d at 830–31. The withdrawal of consent may no more be used to create reasonable suspicion of criminal wrongdoing than an initial refusal to consent to a search. *Slavin,* 944 S.W.2d at 319. The State argues two factors provided the necessary basis for Officer Allen to conduct an involuntary warrantless search.

The empty cigarette package is the first additional factor the State claims gave Allen a reasonable suspicion that Hayes was engaged in criminal activity. Officer Allen testified that he knew that drug users often keep their drugs in empty cigarette packages. The State directs us to no authority holding that such innocent conduct as the possession of an empty cigarette package would alone justify the authorities in reasonably suspecting criminal activity and conducting a warrantless search. Mere possession of such an ordinary item, in our view, would not alone provide reasonable suspicion. To hold otherwise would potentially subject many totally innocent citizens to searches and render Fourth Amendment protections hollow.

 Seeming to recognize this, the State points out that the officer's reasonable suspicion must be based on the totality of the circumstances. This assertion is correct. *Id.* at 318. The State argues that Hayes attempted to flee and that that action showed consciousness of guilt. The State cites *State v. Clay,* 975 S.W.2d 121, 140 (Mo. banc 1998) in support of this proposition. Even giving the State, under the standard of review, the benefit of Allen's testimony that Hayes fled 15 feet, it clearly appears that during the entire time Allen had hold of Hayes' arm and was attempting to prevent Hayes from retrieving his property and withdrawing his consent. Moreover, it appears from Allen's testimony and conduct that "flight" formed no part of his suspicion of criminal wrongdoing. His suspicion was fixed when he saw the empty cigarette package. He thereupon, in our view, was attempting to prevent Hayes from withdrawing his consent.

 In a situation where a citizen either withdraws consent or limits the scope, absent other reasonable suspicion by which he could justify a search, the search must either cease, or the officer must limit his search to that area consented to by the suspect. *McNaughton,* 924 S.W.2d at 523. Once a withdrawal of consent takes place, the search no longer has its cloak of voluntariness to shield it under the Fourth Amendment and an officer, acting without a warrant, would, again, have to prove he had reasonable suspicion to conduct the search. "Reasonable suspicion must be based upon a specific, articulable set of facts indicating that criminal activity is afoot. The law enforcement authorities must be able to articulate more

than just an 'inchoate and unparticularized suspicion or hunch.' " *Slavin,* 944 S.W.2d at 318.

For these reasons, we hold that the trial court clearly erred in not suppressing the evidence because it resulted from an unconstitutional seizure. The State has failed to meet its burden of proof to show that the totality of the circumstances created an objectively reasonable suspicion that criminal activity was occurring. The judgment of conviction is reversed.

PAUL M. SPINDEN, Chief Judge, and JAMES M. SMART, Jr., Judge, concur.