**STATE of Missouri, Respondent,**

v.

**Paula HOWES, Appellant.**

**No. ED 84127.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 16, 2004.

Jennifer A. Brown, Hannibal, MO, for appellant.

Monty C. Platz, Hannibal, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J.

PER CURIAM.

Appellant, Paula Howes ("Defendant") appeals from the judgment of the Circuit Court of Marion County convicting her of possession of a controlled substance,[1] section 195.202 RSMo 2000,[2] and unlawful use of drug paraphernalia, section 195.233 RSMo 2000. Defendant was sentenced to concurrent terms of ninety days in county jail on each count, but received a suspended execution of sentence and was placed on two years of supervised probation. We reverse.

1. Defendant possessed less than thirty-five grams of marijuana.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

On June 15, 2003 at about 8:00 p.m., Erik Gottman ("Sergeant Gottman"), a sergeant with the Missouri State Water Patrol, saw a boat entering the Hannibal boat harbor with two of the occupants sitting on top of the seatback. Sergeant Gottman approached the boat, advised the three occupants of the violation of sitting on top of the seatback, did a safety inspection of the boat, and discussed the violation with Daniel Waters ("Waters"), the driver of the boat. Defendant, a 41–year old female, interrupted and stated she should receive the ticket or warning because she was the owner of the boat. While speaking with Sergeant Gottman, Defendant discussed losing her son and started crying. There were open containers of alcohol on the boat, and Defendant and Waters had each been drinking.

Sergeant Gottman then asked Defendant if she had anything illegal in her purse, which was lying on the front seat of the boat, after she confirmed that it was her purse. Defendant grabbed the purse, and began to walk away from him. Sergeant Gottman asked Defendant to come back, and asked her again if she had anything illegal in her purse. She responded in the negative. Sergeant Gottman asked if he could look into the purse. She initially consented to a search and opened the purse, but then turned around with the purse in her hand and began to walk away again. Sergeant Gottman did not get a good look at what was inside the purse when she unzipped her purse. As she walked away, Sergeant Gottman seized the purse and searched through it. Inside the purse was an Altoid candy tin, and Sergeant Gottman asked her if there was candy in the tin. She did not answer, so he removed the tin and shook it. Sergeant Gottman opened the tin and inside found a marijuana pipe and loose plant material, which was later confirmed to be marijuana. At this point, Sergeant Gottman read De-fendant her Miranda rights, continued to search the purse, and found another marijuana pipe and a baggie of marijuana in the purse.

Defendant was charged with possession of a controlled substance, section 195.202, and unlawful use of drug paraphernalia, section 195.233. A bench trial was conducted on December 17, 2003 at which Defendant's motion to suppress evidence of the marijuana and drug paraphernalia was denied. Defendant was found guilty on both counts. Defendant was subsequently sentenced to concurrent terms of ninety days in county jail on each count, but received a suspended execution of sentence and was placed on two years of supervised probation.

Defendant has stated four points on appeal in her appellate brief, but these points can easily be consolidated into one point on appeal. Defendant argues that the trial court erred in denying her motion to suppress evidence. Discussion of whether the court erred in denying Defendant's motion to suppress will be divided into three sub-points.

When reviewing a trial court's ruling on a motion to suppress, we limit our review to determining whether there is substantial evidence to support the court's decision. *State v. Whitaker*, 101 S.W.3d 332, 333 (Mo.App. E.D.2003). We give deference to the trial court's factual findings and credibility determinations, but review questions of law *de novo,* including whether the Fourth Amendment has been violated. *Id.*

The Fourth Amendment to the United States Constitution protects an individual from unreasonable searches and seizures. *State v. Adams,* 51 S.W.3d 94, 98 (Mo.App. E.D.2001). Missouri's constitutional protection is co-extensive with the

protection provided by the United States Constitution. *Id.*

The State asserts that the encounter between Defendant and Sergeant Gottman was a voluntary encounter in which Defendant initiated the conversation and consented to a search of her purse.

 In the absence of consent or exigent circumstances, law enforcement officers must obtain a warrant to conduct a search and seizure that would invade a constitutionally-protected privacy interest. *State v. Smith,* 134 S.W.3d 35, 37 (Mo.App. E.D.2003). A warrantless search in which proper consent, voluntarily given, is obtained is constitutionally valid. *Id.* A search pursuant to proper consent is valid even if the search is not otherwise supported by probable cause or a reasonable suspicion of criminal activity. *State v. Hyland,* 840 S.W.2d 219, 221 (Mo.banc 1992). When consent is withdrawn, an officer must stop the search unless the officer has a warrant or probable cause to continue the search. *State v. Hayes,* 51 S.W.3d 190, 194 (Mo.App. W.D.2001).

 It is true that viewing the facts in the light most favorable to the State, the conversation between Defendant and Sergeant Gottman was initiated by Defendant. Defendant also initially consented to a search of her purse. However, as Defendant argues, her consent to a search of her purse was clearly withdrawn when she turned with her purse and walked away from Sergeant Gottman. Sergeant Gottman finally obtained possession of the purse by grabbing the purse from Defendant as Defendant was walking away. Therefore, the consent exception to a warrantless search and seizure is not applicable to this case.

Second, the State contends that the search of Defendant's purse was constitutional because if Sergeant Gottman had not searched her purse for contraband, Defendant could have destroyed any potential evidence of criminal wrongdoing by throwing the evidence into the water.

 Because boats are similar to automobiles in that both are inherently mobile, the exceptions to the warrant requirement applicable to automobiles apply to boats as well. *State v. Sullivan,* 935 S.W.2d 747, 755 (Mo.App. S.D.1996). Law enforcement personnel may conduct a warrantless search of an automobile and seize contraband found if there is: 1)probable cause to believe that the vehicle contains contraband and 2)exigent circumstances necessitate the search. *State v. Middleton,* 995 S.W.2d 443, 458 (Mo.banc 1999). Practically speaking, exigent circumstances exist every time an automobile is involved, because the mere possibility that the vehicle can be moved is generally sufficient justification for a warrantless search. *Id.* Courts have commented that the need for the exigent circumstances doctrine is particularly compelling in narcotics cases in which contraband can be quickly destroyed while a search is progressing. *State v. Vega,* 875 S.W.2d 216, 219 (Mo. App. E.D.1994). In an automobile setting, probable cause to search exists "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband." *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo.banc 1990), *quoting United States v. Clark,* 559 F.2d 420, 424 (5th Cir.1977). Essentially, probable cause requires a reasonable belief that it is more probable than not that the vehicle contains illegal property. *Milliorn,* 794 S.W.2d at 183.

 The possibility that Defendant could destroy any contraband she may have had in her purse by throwing it into the water qualifies as an exigent circumstance. Therefore, the critical inquiry here is whether Sergeant Gottman had probable cause to believe Defendant's purse contained contraband.

Sergeant Gottman admittedly had no suspicion of illegal drugs being present on the boat when he ordered the boat to stop as the result of a safety violation. The evidence Sergeant Gottman had in suspecting that Defendant possessed drugs or drug paraphernalia, viewed in the light most favorable to the State, was that Defendant was emotional, told him things about herself that he did not inquire about, and appeared to be nervous during discussion of her purse. Defendant's subsequent withdrawal of consent after her initial consent to search of her purse cannot be used to create suspicion of criminal wrongdoing. *See Hayes,* 51 S.W.3d at 194. Sergeant Gottman discovered open beer containers on the boat before searching Defendant's purse, but had not found any physical evidence of illegal drugs. Sergeant Gottman stated that he believed Defendant "was possibly under the influence of a controlled substance." There is simply not enough evidence to conclude it was reasonable for Sergeant Gottman to believe that it was more probable than not that Defendant had illegal drugs in her purse. Because Sergeant Gottman did not have probable cause to search Defendant's purse for illegal drugs, the search cannot be justified by the exigent circumstance that any possible evidence of criminal wrongdoing could have been destroyed by Defendant if a warrantless search was not conducted.

The final argument made by the State in support of upholding the motion to suppress is that Sergeant Gottman was justified in searching Defendant's purse to protect his own safety.

Protective searches executed by law enforcement officers are limited only in the sense that the officer executing the search must possess a reasonable belief that the suspect is dangerous and the protective search must be directed only to locations which may contain a weapon and to which the suspect may have access. *Michigan v. Long,* 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). The critical inquiry is whether a reasonably prudent person in similar circumstances would be warranted in the belief that his safety or that of others was in danger. *Id.* at 1050, 103 S.Ct. 3469.

The State claims that one of the reasons Sergeant Gottman took Defendant's purse and searched it was to protect his own safety. Defendant never said anything threatening to Sergeant Gottman, and she never made any type of threatening gestures or movement in his direction. On the contrary, she was walking away from Sergeant Gottman when he grabbed her purse. He then proceeded to search her purse, and did not find any dangerous weapons, but instead removed a small Altoid candy tin from her purse. He shook the tin and decided "that there was not candy in the tin." There is no evidence in the record to support a finding that Sergeant Gottman had a reasonable belief that there may have been a weapon in the small tin that posed a risk of harm. Nor does Sergeant Gottman claim that the marijuana and marijuana pipe, found in the tin after he opened it, sounded like a dangerous weapon when he shook the tin. The search of the small Altoid tin and subsequent search of the purse cannot be justified as a valid protective search.

Having reviewed the record, it is clear that without the evidence seized in Defendant's purse, the State does not have a submissible case against Defendant. A remand of this case to the trial court for further proceedings would be futile. Therefore, the judgment of the trial court is reversed and Defendant's conviction is ordered overturned.